DAVENPORT *against* RICHARDS and others.

*B, one of the executors of A, was indebted to A, at the time of his decease, by two promissory notes for 500 dollars each, which came into the hands of the executors. After one of the notes had become due, and a reasonable time had elapsed, a suit was brought on the probate bond against the executors, assigning as a breach, that they had neglected to procure any order of the court of probate for the distribution and division of the money specified in such notes, to the heirs of A, who were entitled thereto. On a demurrer to this assignment, it was held, 1. that the note which had become due, was to be considered and treated as so much money in the hands of the executors from the time of its becoming due; 2. that it was the duty of the executors, unless excused therefrom, to exhibit to the court of probate, an account of the money so in their hands, and have that account adjusted, and then to apply to that court for an order to distribute such money, or pay it over to those entitled to it, or for authority to retain it in their hands for some other proper purpose; 3. that it was appropriately within the jurisdiction of the court of probate to determine, either in the order or on its return, who are entitled to receive the money, for the purpose of completing the settlement of the estate, and affording protection to the executors; 4. that the breach, in this case, was sufficiently alleged; 5. that the want of a request to the executors to perform these duties, did not excuse them therefrom; 6. that they were not excused therefrom, because there was a debt due from the estate of A to a creditor residing out of the state, and the money in question was retained by them to pay that debt.*
[One judge dissenting.]

THIS was an action on a probate bond, executed by the defendants, executors of *Jesse Richards* deceased, to *Benjamin Isaacs,* Esq., then judge of probate. The action was prosecuted, by the present plaintiff, as his successor in office.

The bond and condition were in the form prescribed by statute. The defendants pleaded performance generally.

The plaintiff, in his replication, stated, that the court of probate, on the 1st of *January,* 1840, appointed appraisers to appraise the estate of said *Jesse Richards,* according to its value, yet the executors did not within the time limited in the condition of the bond, make a true and perfect inventory and appraisement of all the goods, chattels, credits and estate of said *Jesse Richards,* nor any list of the credits and choses in action belonging to him, which came to their knowledge and possession; that at the time of the decease of said *Jesse Richards, Ebenezer J. Richards,* one of the defendants, was indebted to him in the sum of 1000 dollars, by two promissory notes, each for the sum of 500 dollars, one payable in one year after the death of said *Jesse,* and the other payable in

one year after the death of *Clarissa*, then the wife, and now the widow, of said *Jesse*, both being payable without interest; that said notes, within the time limited for the exhibition of said inventory, came to the knowledge and possession of the executors, yet they wholly neglected to make and exhibit to the court of probate any inventory thereof, or any list of the credits and choses in action of said *Jesse*, embracing said notes; that on the 21st of *September*, 1840, there remained in the hands of the executors, after an adjustment of their administration accounts by the court of probate, and after the payment of all the debts, legacies, expenses of settlement, and all the other legal charges upon said estate, the sum of 711 dollars, 94 cents, derived from the sale of the personal estate of said *Jesse*, by them received and sold, and also the two promissory notes before described; and that said executors, although a reasonable time therefor has long since elapsed, and though they have thereto been often requested, have wholly neglected and refused to procure any order of the court of probate for the distribution and division of said balance, and of said promissory notes among the heirs of said *Jesse*, although he left, at the time of his decease, sundry heirs at law, [naming them;] and that said executors, though often requested, wholly neglected and refused to appropriate, divide and distribute, or in any manner to pay over to said heirs, or either of them, said surplus estate of 711 dollars, 94 cents, or said notes, or any part thereof, but have thenceforth holden the same, and now hold the same, in their own hands, and have appropriated the same to their own use, contrary to the condition of said bond, and the provisions of law; that said executors were required, by the court of probate, to render their administration account for adjustment, on or before the         day of             1840, yet they did not render such account, on or before that time, but wholly neglected and refused so to do; and that so said executors have not kept and performed the conditions, covenants, &c. in the condition of said bond specified to be by them kept and performed.

The defendants, in their rejoinder, averred, that said executors did, within the time limited in the condition of said bond, make and exhibit to the court of probate a true and perfect inventory of all the goods, chattels, credits, estate and choses in action of said *Jesse Richards*, which came to their hands,

possession or knowledge; that they did, within the time limited in the condition of said bond, exhibit to the court of probate an inventory, and a correct and true account, of the two notes in the plaintiff's replication mentioned; and that they did fully account for said notes, in the settlement of their administration account with the court of probate.

The defendants further averred, that although there remained in the hands of the executors, on the 21st of *September,* 1840, after the adjustment of their administration account, and after the payment of all debts, legacies and charges, except the bond obligatory about to be mentioned, the sum of 711 dollars, 94 cents, as in the plaintiff's replication is alleged, and derived from the sale of the personal estate of the said *Jesse,* yet they have never been requested to distribute said sum, or to procure any order for the distribution of the same; and that they were not bound so to do, for that said *Jesse,* in and by his last will and testament, provided and directed, that if any thing should remain of his personal estate, after payment of his debts, legacies and expenses, his executors should expend so much of the overplus as they should judge necessary, to make repairs on the buildings on his farm; that the executors did judge it necessary to expend the sum of 676 dollars, 67 cents, part of said sum of 711 dollars, 94 cents, in making repairs on said buildings; and that they have in fact so expended said sum of 676 dollars, 67 cents, in conformity to the direction of said will; that in addition to said sum of 676 dollars, 67 cents, they further paid to creditors of said estate, and for the taxes on said estate, which they were by law compellable to pay, the sum of 31 dollars, 17 cents, together with the sum of 3 dollars, allowed by the court of probate for their services in the settlement of said estate, and the sum of 1 dollar, 10 cents, by them paid to the court of probate for probate fees; which sums constitute said sum of 711 dollars, 94 cents.

The defendants further averred, that said *Jesse Richards,* in his life-time, executed his bond obligatory to *Albert Lockwood,* dated the 21st day of *August,* 1824, whereby he bound himself to pay to said *Albert Lockwood* the sum of 300 dollars, which bond was conditioned to be void, in case *Ebenezer J. Richards,* then a minor, should convey to said *Albert,* on request, after he should arrive at the age of twenty-one years,

a certain tract of land, which came to him by devise from his grand-father, *Ebenezer Lockwood*, which land has never been conveyed, by said *Ebenezer J. Richards*, though he has long since arrived at the age of twenty-one years, and though thereunto requested, by said *Albert*, after that period, *viz.* on the 1st of *October*, 1840 ; that said sum of 300 dollars, with the interest accruing thereon, was justly due from said *J sse Richards*, at the time of his decease ; that said claim was not exhibited to the defendants, within the time limited by the court of probate for the exhibition of claims against said estate, nor had they any knowledge of the same, at the time they exhibited their account of debts due from said estate to the court of probate, nor at the time when they settled their administration account with said court ; that said *Albert Lockwood* resides, and, at the death of said *Jesse*, resided, out of this state, *viz.* in the town of *Poundridge*, in the state of *New-York ;* and that said claim was exhibited, and brought to the knowledge of the defendants, within the time allowed by law for persons residing out of this state, to exhibit their claims against the estates of deceased persons, *viz.* within two years after the death of said *Jesse Richards ;* that there is now due on said bond, a greater sum, for principal and interest, than the amount due on said notes ; and that there being no other assets belonging to said estate, out of which said claim could be paid, the defendants did, as by law they might, retain the sums due on said notes, for the purpose of paying said claim so due from said estate to said *Lockwood ;* that they did not convert said notes to their own use ; and that they rendered their administration account to the court of probate, when thereunto requested, *viz.* on the day of

The plaintiff traversed the allegations in this rejoinder, regarding the exhibition of an inventory to the court of probate, and an account of the two notes mentioned in the plaintiff's replication ; the accounting, by the defendants, for said notes, in the settlement of their administration account ; the payment, by the defendants, of the sum of 676 dollars, 67 cents, in making repairs upon the buildings on the farm of the deceased, according to the provisions of his will ; the payment of the sum of 31 dollars, 17 cents, for taxes against said estate, of the sum of 3 dollars, for the services of the executors, and

of 1 dollar, 10 cents, for probate fees ; and also the exhibition of the administration account. And as to the residue of the allegations in the defendants' rejoinder, the plaintiff demurred.

The defendants joined issue on the allegations traversed by the plaintiff, and joined in demurrer as to the allegations demurred to.

The case arising upon the demurrer, was reserved for the consideration and advice of this court.

*Dutton* and *Butler*, in support of the demurrer, contended,

1. That no request for distribution was necessary ; it being the duty of the executors to procure the necessary orders for the settlement of the estate. *Warren* v. *Powers*, 5 *Conn. R.* 379. *Rowland* v. *Isaacs*, 15 *Conn. R.* 115. *Clark* v. *Mix, Id.* 170.

2. That that part of the rejoinder, which relates to a presentation of the bond of *Lockwood*, and a retention of the notes, is insufficient in substance. In the first place, it is an express condition of the bond, as well as provision of law, that the executors shall settle all their accounts of administration with the court of probate ; and they cannot plead payment of a debt, much less a two years retention for the purpose of payment, without averring a presentment of an account of such payment to the court of probate, and an adjudication of the court thereon. *Hill* v. *Blackstone*, 2 *Conn. R.* 247. *Bacon* v. *Fairman*, 6 *Conn. R.* 121. *Edmund* v. *Canfield*, 8 *Conn. R.* 87. They may give such payment in evidence, on an equitable hearing in damages under the statute, but cannot plead it, to show that there has been no breach. *Clark* v. *Mix*, 15 *Conn. R.* 170. Secondly, the claim of *Lockwood* is defectively set out ; the amount of it not being averred. *Isaacs* v. *Stevens*, 13 *Conn. R.* 499. *Clark* v. *Mix*, 15 *Conn. R.* 170. It is not sufficient to aver, that more is due than the amount of the notes. The amount must be set forth, so that the court can see whether more is due, or not. So far as any thing can be inferred from what is averred, in this case, much less was due than the amount of the notes. Penal bonds draw interest only from the time of the breach. *Carter* v. *Carter*, 4 *Day*, 30. It is not even averred, that the whole penalty of the bond was due. Thirdly, the person

who was, by the condition of the bond, to convey the land, was one of the executors. It is not averred, that it was not his duty to convey, and save the estate; and for aught that appears, he has taken advantage of his own wrong. Fourthly, this matter is a departure from the plea. *Warren* v. *Powers,* 5 *Conn. R.* 379.

*Bissell* and *Hawley,* contra, contended, 1. That the defendants were under no obligation to procure an order of distribution, until they were called on, by the court or the heirs, to do so. *Co. Litt.* 260. *b. Prescott* v. *Parker* & al. 14 *Mass. R.* 428. The only complaint is, that the defendants have not had these notes distributed—not that they have not accounted for them, or presented a list of them, or have been guilty of any unreasonable delay in bringing the settlement of the estate to a close. It is simply, that they do not pay over to the heirs what is admitted to be needed by them, (the defendants,) to pay a debt due from the estate. The defendants are in no event liable for not procuring an order for distribution, until a balance is found for distribution. One of the notes is not yet due; and the defendants cannot be liable for the non-distribution of *that.*

2. That there is no departure; what the defendants rejoined being a mere specification of the performance of duty alleged in the plea.

3. That if there were a departure at common law, this is good pleading under our statute of 1822. *Stat.* 66. *s.* 2. (ed. 1838.) The object of the statute is, to place the case on the same ground, so far as regards the subsequent pleadings, as if the replication formed part of the declaration, just as a bill of particulars forms in effect part of the declaration. *Hill* v. *Blackstone,* 2 *Conn. R.* 247. 1 *Chitt. Pl.* 639. & *seq.* 1 *Saund. Pl.* & *Ev.* 430.

STORRS, J. The question arising on the demurrer in this case, is, whether the executors on the estate of *Jesse Richards,* have been guilty of the alleged breach of their bond to the judge of probate, in not procuring an order for the distribution or payment of the amount due on the notes executed by one of the executors to the said *Jesse.* It appears, that at the decease of said *Jesse,* one of his executors was indebted to him on two promissory notes, executed by said executor to

him in his life-time, each for the sum of five hundred dollars, one being payable in one year after his death, and the other in one year after the death of *Clarissa*, then his wife and now his widow;—that said notes came into the hands of the executors, at his decease;—and that the first of said notes became due long before the commencement of this suit. As it does not appear, that there is any defence against this note, or that it was not paid by the maker, or that he is insolvent, the amount due on it is to be considered and treated as so much money in the hands of himself and his co-executor, from the time when it became payable. It stands on the same ground as if it had been due from a third person, and paid to the executors, or to one of them, which would have the same effect as to those to whom the executors are bound to account. This being the case, and it being admitted that a reasonable time has elapsed for that purpose, it was the duty of the executors, unless excused therefrom, to make an exhibition of the amount so in their hands to the court of probate, and to apply to that court for an order to distribute it, or pay it over to those entitled to it, who, in this case, were the heirs, or for an authority to retain it in their hands for other proper purposes, which, it is conceded, has not been done. Such an exhibition was requisite, in order to lay the foundation for such further orders and proceedings in that court as were necessary for the purpose of completing the settlement of the estate. Otherwise, such settlement might never be made, or might be procrastinated indefinitely by the executors, and neither the judge of probate, nor any person interested, have any knowledge of the situation of the estate, or indeed the means of bringing the settlement of it to a close. The correct and speedy settlement of estates, requires that it should be done in a regular and orderly course; which can only be accomplished, when a foundation is properly laid for each successive order of the court of probate, by the steps which should precede it; and the proceedings of that court cannot be regular, orderly or intelligible, without full information from time to time of the situation of the estate. It is therefore most reasonable, that every change in its situation, which may require the further orders of the court, should be promptly disclosed. In the present case, the executors, by not presenting to the court of probate an account of these

*Fairfield,*
June, 1844.

Davenport
*v.*
Richards.

moneys in their hands, and having it adjusted, have prevented an order for distributing or paying over the same to the heirs from being made, by which they have been wrongfully kept out of their distributive portions of the estate.

It is claimed, however, by the defendants, that the assets in the hands of the executors being money, and not ordinary personal chattels, it was not competent for the court of probate to make such an order; and that, therefore, they are, in this respect, faultless. It is also insisted, that such an order is unnecessary, where the assets are of this description, because it is the duty of the executors to pay over the money to the heirs, without any direction for that purpose, according to their respective proportions, on a demand made by them; and that such demand is necessary, before such duty devolves on the executors. It is true, that when an estate is ready for distribution, the statute prescribes, that it shall be made by distributors to be appointed for that purpose. This provision, we suppose, was intended to apply to those cases only, where the property to be distributed, should consist, not of money, but of other property of which it would be necessary to determine the value, and which it is of course a part of the business of the distributors to do, in order properly to discharge their duty. This would not be the case with money, which has a fixed legal value: nothing is to be done with it, but to pay it over to those entitled; and the appointment of persons to do this, which may be as well, and indeed after all must be, done by the executors, would be not only a useless ceremony, but attended with unnecessary delay and expense. A just construction of the statute, therefore, does not require this course to be taken. But it by no means follows, that the court of probate has no power to order the distribution or payment of money in the hands of executors, to the persons entitled; and, we think, that such is not the case. Although there is no express provision of law requiring an order for the distribution or paying over of property of this description, the same reasons exist for such order as in the case of other property remaining in the hands of the executors after an adjustment of his administration account; and without it, the records of the court of probate would not show a legal settlement of the estate, in the one case, more than in the other. The bond, moreover, prescribed by the statute to be given,

by an executor, to the judge of probate, is conditioned, among other things, that he " *shall render a just and true account of his administration ; and that all the rest and residue of the estate, which shall be remaining upon the executor's account, the same being first examined and allowed by the court of probate, he shall deliver and pay over, as the said court shall appoint.*" These terms apply precisely to *moneys* remaining in the executor's hands, as well as to other personal property, and implies, that the court of probate not only has power to order them to be paid over to those entitled, but that this is the proper course. The residue of the estate remaining after the settlement of the administration account, is what is to be distributed or paid over to those ultimately entitled to it. What that residue is, can only be ascertained, by a settlement of such account ; and as to what so remains, of whatever it may consist, the regular course is, for the court of probate to order it to be disposed of as the law requires. As remarked by Ch. J. *Hosmer*, in *Edmond* v. *Canfield* 8 *Conn. R.* 90. " This instrument, [the bond,] in connexion with the general law on the subject, shows decisively the duty of the administrator, and the jurisdiction of the court of probate. At the commencement of his official existence, the administrator stipulates with the court, in conformity with the express requisition of the law, that he will render a just and true account of his administration ; and this he submits to the examination and adjudication of the judge. Such an administration account, sanctioned by the decision of the court, is necessarily precedent to the distribution of the deceased's estate. Every item in every administration account, must be examined, and adjudicated upon, by the court of probate. Nor is this matter of form, but of substance. Otherwise, the records of the court, which ought to be of incontroulable verity, would afford no evidence of the just and legal settlement of an estate :" and he adds, " No distribution of an estate can be made, until the administration account is allowed by the judge ; for until this is done, the surplus to be distributed is unknown."

We think, therefore, that it was incumbent on the executors, in this case, to present to the court of probate, an account of the moneys in question in their hands ; to have that account adjusted, by the court ; and to obtain an order that it be paid

over to the heirs, or an authority to retain it, for some proper purpose.

*Fairfield*,
June, 1844.

Davenport
*v.*
Richards.

Whether the executors would be protected in a suit on their bond, where the breach alleged was an omission to obtain such an order, if they should, after a settlement of their administration account, without an order for that purpose, pay over to the heirs the amount to which they would be entitled, either with or without a discharge from them therefor, and it should afterwards be sanctioned by the court of probate, either by an allowance of it in the administration account or otherwise, is a question which it is unnecessary to determine. In the present case, no such payment has been made. Without such sanction, it is quite clear, that the executors would have no defence whatever against such breach. They would have acted without the order, or subsequent approval, by the court. This shows, that the executors, in such case, would pay over, at the peril of its being unavailing to them, as a perfect compliance with their bond.

It is said, that if an order be requisite to pay over money to heirs, it imposes on the court of probate the duty of ascertaining and designating who such heirs are ; and that this is not within the competency of that court ; and that the order might be to pay to a person who is not the legal heir, and so the true heir be injured. It is not necessary to determine, whether the order itself must designate the heirs by name ; or whether the inquiry as to who they are, more properly arises when the executor makes his return of his doings under the order. But, we think, that it is appropriately within the jurisdiction of that court to determine, in one of these forms, who the heirs are, for the particular purpose of completing the settlement of the estate, and in order that the executor may be protected. The real heirs cannot be injured, by this course : since if, in the one case, the heirs are wrongly designated in the order, an appeal lies from such order ; or if, in the other, the return states a payment to those who are not the true heirs, an appeal lies from its acceptance. It has been held, that it is not competent for the judge of probate to determine who are the creditors of an estate, or the amount of their debts, in order to govern the future action of an administrator or executor, because the direct jurisdiction over these subjects appertains to other tribunals ; in case of a solvent

estate, to the ordinary courts of common law ; and in that of an insolvent estate, to the commissioners : and yet there is no question that the court of probate, in the settlement of the administration account, has jurisdiction to decide on the validity of the claims of creditors paid by the administrator or executor, so far as it respects the allowance of such payments in his account.  *Edmond* v. *Canfield*, 8 *Conn. R.* 87.

It being the duty of the executors in this case to render an account to the probate court of these moneys in their hands, and to obtain an order for paying the same to the heirs. it was not necessary, prior to those steps being taken, for the heirs to make a demand of the executors for their portions of it.    Until the adjustment of such account, it would be obviously impossible for the heirs to know what would remain ; and therefore, the amount to which they would be entitled ; and until such order, a demand would be ineffectual, because it would not be the duty of the executors to pay.   After such an order should be made, we are of opinion, that the executors would not be liable, without a demand, for not paying over to the heirs ; and that their relation to the heirs would be that of a mere trustee, and not that of debtors, which they sustain to the creditors of the estate, by whom a demand has been adjudged to be unnecessary.

There is no foundation for the claim of the defendants, that in order to render the executors liable for not applying for an order to pay over the moneys to the heirs, a request by them to make such application, was necessary. since it was the duty of the executors on their part to take all such steps, and procure all such orders, as were necessary to complete the settlement of the estate ; and it was not incumbent on the heirs to move them to the performance of that duty, by any request.

The defendants, in the last place, claim, that the breach insisted on, is improperly and insufficiently alleged, because it states, that the executors neglected to procure an order for the "*distribution and division*" of the moneys in their hands, and not for the *paying over* of said moneys to the heirs. Considering the subject matter of the averment, *viz.* cash, we think, that, on a general demurrer, the breach is sufficiently alleged ; and that the import of it is at least substantially equivalent to what the defendants require.

There having been, therefore, a breach of the bond, the

remaining question respects the validity of the excuse set up by the defendants, which is, that the said moneys are retained, by the executors, to pay a debt due by the testator to a foreign creditor. Waiving a consideration of the objections made by the plaintiff, that that debt is not sufficiently described, and also, that the rejoinder is a departure from the plea, we are of opinion, that the excuse alleged, is clearly insufficient. If there was a just debt due to such creditor, and it was legally presented, it was the duty of the executors to pay it ; and it would have been a proper charge in their administration account, where it is presumable that it would have been allowed ; or if, in the judgment of the court of probate, any sufficient reason existed why the money should be retained, and not immediately applied to the payment of such debt, the executors might, on a representation of the facts, have obtained an authority from that court for so retaining it in their hands, which would have protected them in so doing. This was a matter exclusively within the jurisdiction of the court of probate, to which it should have been submitted. But that the executors, without the authority or knowledge of that court, might retain these moneys in their hands indefinitely, and thus arrest the action of that court, and the settlement of the estate, and, when sued on their bond, draw into inquiry matters of excuse properly determinable only in that tribunal, is wholly inadmissible. The effect of such a course, would be, to take the cognizance of the subject from the court to which it by law exclusively belongs, and to transfer it elsewhere.

The rejoinder, therefore, is insufficient ; and the superior court should be so advised.

It should be added, that the court are not unanimous in this result ; and that it is not intended to decide whether, or to what extent, the defendants may avail themselves of any of the facts alleged by them, in reduction of the damages to be assessed to the plaintiff.

In this opinion, WILLIAMS, Ch. J., and WAITE and HINMAN, Js., concurred.

CHURCH, J. dissented.

Rejoinder insufficient.