FREDERICK KELLOGG, JUDGE *vs.* SOLON B. JOHNSON AND ANOTHER.

An order of a court of probate directing the estate of an intestate to be distributed to the persons whom such court finds to be the heirs at law and entitled to the estate, is conclusive and furnishes full protection to the administrator, until set aside on appeal.

DEBT on a probate bond; tried on the general issue closed to the court (*Foster, J.*), and reserved on facts found for advice.

On the 7th of October, 1867, the defendant, Solon B. Johnson, was duly appointed administrator on the estate of Sophronia J. Urmston, by the plaintiff as judge of the court of probate for the district of Cornwall, and gave the usual bond as such administrator. On the 7th of April, 1868, Johnson presented his administration account to the court of probate for settlement, which account showed a balance of $978.93 remaining in his hands for distribution, and was accepted and allowed by the court.

In pursuance of the verbal order of the court, the administrator divided said sum of $978.93 equally between Seymour Johnson and Lewis P. Johnson, they being the brothers of the deceased, and there being no other brothers or sisters of the deceased nor representatives of them, and took their receipt therefor, which receipt was recorded on the records of said court of probate, but no order of distribution was made by the court, and although the receipt was accepted by the court in full settlement of the estate, yet by inadvertence and mistake of the administrator no record of such acceptance was made. On the 28th of December, 1869, on application of the administrator, the court of probate made a formal order that said sum of $978.93, remaining in the hands of the administrator for distribution, be equally divided between Seymour Johnson and Lewis P. Johnson, they being the brothers of the deceased and her next of kin, and by the laws of the state of Connecticut entitled to said money; which order was duly recorded.

The intestate was lawfully married to Nathaniel M. Urmston on the 9th of April, 1857, and continued to be his lawful wife down to and at the time of her death, which was on the 31st of August, 1867; she left no children, or legal representatives of children, no sisters, or representatives of sisters, and but two brothers of the whole blood, Seymour Johnson and Lewis P. Johnson, both of Cornwall.

The deceased passed several years of her married life in the states of Iowa and Missouri. In the month of May, 1863, she removed with her husband from Missouri to Hillsborough, Ohio, where she continued to reside, and where she had her domicil at the time of her death. At her decease she left personal property only, which at the time of her death was in the hands of persons within the probate district of Cornwall, and had never been reduced into actual possession by her husband.

By the law of Ohio, the goods, chattels, or other personal estate of a wife dying intestate, leaving no children, and no legal representatives of any children, vest in the husband.

The plaintiff claimed that the judgment of the court should be for the plaintiff to recover the amount remaining in the hands of the administrator, after paying the charges against the estate, and that said sum belonged of right to Nathaniel M. Urmston, for whose benefit this suit was brought. The defendants claimed that said sum had already been paid by the administrator to the two brothers of the deceased, to whom it rightfully belonged.

Upon these facts the question what judgment should be rendered was reserved for advice.

*A. S. Treat*, for the plaintiff.

*G. C. Woodruff*, for the defendants.

PARK, J. It appears in this case that the administrator, on the 7th day of April, 1868, in pursuance of a verbal order of the court of probate, which was perfected and made a formal

order on the 28th day of December, 1869, made distribution of the estate in question to the persons that the court of probate found were the heirs at law of the deceased, and entitled to receive the same. This order of the court of probate has never been reversed, but it now remains in full force, and we think it furnishes full protection to the administrator, and a conclusive answer to this suit on the probate bond, until it shall be regularly set aside on appeal taken from the order to the Superior Court. We think this view of the case is fully sustained by the following cases: *Davenport* v. *Richards*, 16 Conn., 310 ; *Gates* v. *Treat*, 17 id., 388 ; *Bissel* v. *Bissel*, 24 id., 241.

We advise a judgment in favor of the defendants.

In this opinion the other judges concurred ; except SEY-MOUR, J., who having been consulted in the case when at the bar did not sit.