Eastern Dis.
*February,* 1833.

STERLIN'S
EXECUTOR
*vs.*
GROS.

gence, on the part of the commander. The evidence shows, in the present case, that the plaintiff has received injury and suffered loss; but the loss, or damage, was occasioned solely by the criminal conduct of the pretended owner. To give the construction to the act contended for by the counsel for the appellant, would be to make an innocent man responsible for the offence committed by the guilty, contrary to all sound principles of morality and law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

## STERLIN'S EXECUTOR *vs.* GROS.

APPEAL FROM THE COURT OF PROBATES OF THE CITY AND PARISH OF
NEW-ORLEANS.

A nuncupative testament by public act, executed in the presence of three witnesses, who do not reside within the parish, is null and void.

Sales of property made under a will, which is null and void, cannot be set aside by the court, unless third persons who have obtained an interest in the property, are made parties.

An estate is liable for the costs incurred by an executor, under a will which is null and void, in endeavoring to sustain its validity.

If a will be declared null and void, the executor under it, will be decreed to render to the court an account of his administration, and to bring into court all the moneys and credits of the estate in his hands.

This action was brought to obtain possession of the estate of Philippe Sterlin, deceased. The plaintiff produced a notarial copy of the will, by which the deceased acknowledged him to be his only child, and bequeathed to him three-fourths of the property of which the testator should die possessed, and

constituted him his legatee, by universal title. The plaintiff averred the nullity of another instrument, purporting to be a will, executed by the deceased, on the grounds of want of capacity in the deceased, at the time of making it, misunderstanding of its contents, and for not being legally witnessed.

The defendant and executor, under the will alleged to be void, appeared and excepted, that the plaintiff was not entitled to be put in possession of the estate of the deceased. He answered, that the will, under which he was executor, was valid; that the same had been duly homologated and registered in court, and the usual formalities had been complied with on his part. He averred, that part of the property of the succession had been sold by the register of wills, under an order of the court.

An injunction obtained by the plaintiff, was dissolved on the defendant giving bond and security, conformably to the 307th article of the *Code of Practice.*

The court rescinded the order of registry and execution of the will, under which the defendant was appointed testamentary executor; and that will avoided, and all proceedings under it, which had taken place. The defendant appealed.

*D. & J. Seghers,* for appellant.

1. The executor is bound to maintain the last will of his testator by all lawful means. He would be liable in damages, should he not do it. He cannot, therefore, be decreed to pay ten per centum damages to the plaintiff and appellee, for the sole fact of having appealed from the judgment of the inferior tribunal.

2. The court below was right in directing the estate of Sterlin to be placed in the hands of the register of wills, and not in the possession of the alleged natural son of the deceased, even on his offering due security; because, should the last will of the deceased be annulled, there exists another will, which, if admitted, is then to be executed, and which

---

EASTERN DIS.
*February,* 1833.

STERLIN'S
EXECUTOR
vs.
GROS.

EASTERN DIS.
February, 1833.
═══════════
STERLIN'S
EXECUTOR
vs.
GROS.

appoints testamentary executors, in whose hands alone the estate must be placed.

3. The court below was right in directing the costs of the suit to be paid by the estate. The executor is bound to maintain the last will of his testator, and should not suffer damages for doing his duty.

4. The injunction obtained by the plaintiff and appellee, was correctly dissolved, in pursuance of article 307 of the *Code of Practice*, and 2601 of the *Civil Code;* and this court cannot, in this case, inquire into the validity of a sale of real property situated in the parish of Jefferson, but sold at New-Orleans by the register of wills.

5. Admitting, for argument's sake, that the last will of the deceased be null and void, even in that case the court below appears to us to have erred in deciding that all the proceedings under the will are thereby annulled. It does not necessarily follow, that the inventories and sales, made under the direction of the Probate Court, must fall, because the last will of the deceased is found to be defective. Such a principle would throw society into confusion, and destroy faith due to judicial proceedings. *Duranton,* vol. 3, page 471, *no.* 479.

6. The plaintiff has no right to sue, for the only legal evidence on record of his being the natural son of the deceased, is contained in the last will under which he claims. Now this will is null and void on its very inspection, as not being with the formalities required by law. It is not entitled to any credit whatever, and of course the allegations therein contained must not be attended to, and are of no effect.

7. The court below appears to us to have erred in admitting testimony to contradict the last will of the deceased. (It is here to be observed, that this testimony was taken down in court, subject to all legal exceptions. This was done in order not to burthen the record with bills of exceptions.) We say, that no such testimony ought to have been admitted. No defect was perceived in the will on its inspection. The will, therefore, according to the *Civil Code, art.* 1640, makes full proof by itself, that all the formalities have been complied with,

and that all the facts and allegations therein contained are true, unless the will be alleged to be false; (*argué de faux*) which was not done in this case. 13 *Merlin Rep. Jurisp.* 405, Paris ed. 1815, *sur l'opinion du president Favre.* 5 *Martin's Rep. Langlish* vs. *Schons.*

8. Should the court, contrary to our expectations, be of opinion, that testimony has been rightly introduced to prove the residences of the witnesses, then we would say that the spirit of the law has been complied with; for the witnesses to the will were the intimate friends and nearest neighbors of the deceased; and secondly, that there is no law so strict as not to admit an exception. We here find one pointed out to us by the Roman law, *Barbarus Philippus*, whereby it is said that a slave having acted as proconsul, in a province, all his acts, as such, were approved by the prince, and admitted to be good and valid, on account of his having been believed to be free by all those therein concerned. See *Merlin*, who says, on this point, that this decision is to be followed in all similar cases where people are laboring under a false impression. 13 *Répert, Jurisp.* 389, *sec.* 2, *no.* 3, Paris ed. 1815. *Verbo Témoin Instrumentaire.*

9. The plaintiff alleges in his petition, that on the 14th, the testator was not in a situation to make a will; the contrary is proved by the physicians, Senac, Bozeman, and all the other witnesses; on the 15th, it is true, that the testator had lost his senses.

10. The plaintiff alleges, that the wishes of the testator were not complied with. This fact is contradicted by the testimony of Pollock, Mouchor, and even by Bozeman, who says, that the notary read the will very slowly, stopping at the close of every sentence.

*Preston*, for appellee.

1. The will under which Celestin Gros claims, is null, because attested by witnesses not residing in the parish where it was made.

2. Because the dispositions of the testator were not understood by the notary.

EASTERN DIS.
February, 1833.
═══════
STERLIN'S
EXECUTOR
vs.
GROS.

3. Because the wishes of the testator were not complied with.

4. Because he was not in a situation to make a will.

5. The will, under which the appellant claims, is made perfectly in conformity to law.

PORTER, J. delivered the opinion of the court.

The defendant is named executor in an instrument which he affirms to be the last will and testament of one Phillippe Sterlin, deceased. The plaintiff who is natural son of the deceased, and who alleges that his father left no legitimate ascendants or descendants, or brothers or sisters, sues to have this will declared null and void, and to obtain possession of the property of which the deceased died possessed.

The defendant contests the *quality* of the petitioner, but we think the evidence clearly establishes it. Admitting the objections made to the previous will, in which the plaintiff is expressly recognized as his natural son by the deceased, still it is good as a declaration before a notary and witnesses.

The instrument which the defendant presents as the last will and testament of the deceased, cannot be considered such, because the witnesses to it do not reside, nor did reside at the time it was made in the same parish with the testator, and they are not in sufficient number to meet the requisitions of the law, considering them to be non-residents.

By the 1571st article of the Louisiana Code, nuncupative testaments, by public act must be received by a notary public, in presence of three witnesses residing in the *place* where the will is executed, and of five residing out of it.

By the 1587th article, it is declared that by the residence of witnesses in the *place* where the testament is executed, is understood their residence in the parish where that testament is made.

A nuncupative testament by public act, executed in the presence of three witnesses who do not reside within the parish, is null and void.

In the present case there were but three witnesses, and they did not live within the parish, the testament is therefore null and void. *La. Code*, 1588.

EASTERN DIS.
*February,* 1833.

STERLIN'S
EXECUTOR
*vs.*
GROS.

It has been contended, that as the house was situated near the dividing line of the parishes, and the witnesses were drawn from the immediate neighborhood of the testator's domicil, the spirit of the law was complied with. Perhaps it was, but the law says the *formalities* prescribed must be pursued, otherwise the testament is null and void. The legislature having made parochial limits, and not distance the criterion, we cannot substitute the latter, and if we did, we should soon be involved in the difficulties which we have not doubted induced the law makers to establish a rule of a different kind. What distance would be sufficient, one mile, half a mile, or five? The decision on such grounds would be necessarily arbitrary, and introduce great uncertainty and confusion.

It was urged, however, that although the law declares a will invalid for such grounds as these, still no testimony could be introduced to prove the facts by which the invalidity is established, unless the will be alleged to be false *argué de faux.* The provision in our Code on which this objection principally rests, is found in that part of it which treats of the proof necessary, before the execution of wills can be ordered. It declares that nuncupative testaments do not require to be proved, unless they are alleged to be forged. The defendant says it should be, unless they are false. Admitting this liberty could be taken with the text, we do not think the law applicable to the case before us, for the notary does not declare that the witnesses are residents of the parish of Orleans. Therefore, unless we concluded that though the will was invalid, it could not be set aside, because the notary had so worded it that his allegations could not be charged to be false, the objection to receive the parol evidence cannot be sustained. *La. Code,* 1640.

The defendant next objects that although the will may be null and void, yet the court erred in deciding that all the proceedings which had taken place under it, were null and void. We agree with the defendant that there was error in so decreeing, if by such a decree it was intended to decide that all the purchases made at a sale ordered by the court,

Sales of property made under a will, which is null and void, cannot be set aside by the court, unless third persons who have obtained an interest in the property are made parties

EASTERN DIS.
*February,* 1833.
═══════════
STERLIN'S
EXECUTOR
*vs.*
GROS.

were of no effect and conferred no title. We doubt extremely the correctness of such a position, and we are clear no such decision could be made, unless in a case where the third parties who had obtained an interest in the property were before the court. We think the proper decree would have been to direct the executor to render an account of what he had done under the will, which the court set aside; to have ordered him to bring into court all the moneys he had received of the estate, and all the securities and obligations which he had obtained under the sales made by order of the court or otherwise, and to have reserved the question, whether he was not responsible for any damage which the plaintiff may have sustained, in consequence of his persisting to act under the will and sell the property of the estate, after suit was commenced to have that will set aside.

The plaintiff complains of the judgment below in two respects, and has prayed that it may be amended.

The first is, that the court ordered the defendant to bring the money, etc., of the estate into court, instead of ordering it to be paid over to the plaintiff.

The second is, that the estate was burthened with the costs incurred by this suit.

The defendant objects to the right of the plaintiff to receive the proceeds of the estate; that by his own showing there is a previous will, and that it is to the executor or executors of that will the proceeds should be paid over.

As the present defendant has no right to retain the property of the succession, and must at all events bring it into court, it would seem no concern of his to make opposition to the plaintiff's right to receive it. He does not represent the executors of the first will, nor the collateral heirs. However, the judgment rendered below, compels us to inquire into the plaintiff's right.

We think the court did not err. The plaintiff has referred us to the 921st article of the Louisiana Code, which permits the natural child to be put in possession of the effects claimed by him as heir on giving security. But in the present instance he claims expressly as legatee under an universal title, and

there appears to be others to whom bequests are made in the
same testament. We think the executors of that will, or in
case of their neglect to act, a dative testamentary executor
should carry its provisions into effect. What may be the
right of the plaintiff in case he renounces all the benefits
confered by the will, and should hereafter claim the property
as heir, we need not inquire.

The remaining question relates to costs. The plaintiff
contends the estate should not be responsible for them, as
the will was not that of the deceased. We think it ought,
the costs were incurred in this case in consequence of the act
of the testator, and it was the duty of the executor to main-
tain the validity of the will.

*An estate is liable for the costs incurred by an executor, under a will which is null and void, in endeavoring to sustain its validity.*

It is, therefore, ordered and decreed, that the judgment of
the Probate Court be reversed, and it is further decreed and
adjudged, that the order of the Court of Probates, bearing
date the 24th January last, directing the registry and execu-
tion of the will of the late Phillippe Sterlin, passed before
Carlile Pollock, notary public, be rescinded; that said will
be declared null and void; that the defendant, Celestin Gros,
do render to said court a full and complete account of his
administration under said will, and that he bring into court
all the moneys in his hands belonging to the estate, and all
the notes and securities which he may have received from
the sale thereof, or which otherwise have come into his
hands; and it is further decreed, that the will made before
Marc Lapille, on the 19th October, 1823, be declared
valid as the last will and testament of the said Phillippe
Sterlin. The costs in both courts to be paid by the succes-
sion. This decree, however, being without any prejudice to
any claim which the plaintiff may have against the defen-
dant for damages, which the former may have sustained by
the acts of the latter, subsequent to the institution of the
suit.

*If a will be declared null and void, the executor under it, will be decreed to render to the court an account of his administration, and to bring into court all the moneys and credits of the estate in his hands.*