EASTERN DIST.
*June*, 1836.

ANDERSON'S
EXECUTORS
*vs.*
ANDERSON'S
HEIRS.

---

## ANDERSON'S EXECUTORS *vs.* ANDERSON'S HEIRS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST BATON ROUGE.

Where the will does not give the seizin of an estate to the testamentary executors, in the legal or technical sense of the word, yet when the heirs are absent from the state, and the executors took possession of the whole estate, as they clearly had the right to do, they are entitled to full commissions on the amount of the inventory, after deducting bad debts, &c.

In the absence of the heirs, the testamentary executors who are put in possession of all the property, have it under their charge and responsibility, even when there is no express or legal seizin given, and are entitled to full commissions.

EASTERN DIST.
June, 1836.

ANDERSON'S
EXECUTORS
vs.
ANDERSON'S
HEIRS.

Parole evidence is admissible to show the nature and extent of the posses-
sion of the estate by the executors, when there is no express seizin given
by the will.

After the executors have surrendered the estate to the heirs, legatees who
are unpaid have a direct. action against the heirs for the amount of their
legacies, and must resort to it for redress.

This is an action commenced in the Court of Probates for
the parish of East Baton Rouge, by the executors of the late
John Anderson, in which they present their account of the
administration of the decedent's estate, accompanied by the
proper vouchers, with a detailed statement of the moneys
received and disbursed by them. They allege that one of
them, as he was authorized by the testator to do, took into
his possession the plantation and slaves of the deceased, and
administered them from August to October, 1833, when one
W. A. Anderson, for himself, and as attorney for the other
heirs, caused themselves to be recognized as such, and were
put in the possession of said property and estate.

The executors further allege, that they are bound to see
that the provisions of the will are carried into effect; but
that the heirs have refused to do so, especially, to pay a
legacy of one thousand dollars, bequeathed to Phebe, a
colored woman, and also a negro child, borne since the date
of the will, from Louisa, the latter of whom was also
bequeathed to Phebe.

The executors likewise claim the sum of two thousand and
twelve dollars, as a commission of two and one half per cent.
on the inventory of the testator's succession, amounting to
eighty thousand four hundred and eighty-eight dollars, after
deducting two thousand four hundred and eighty-eight
dollars, for bad debts.

They pray that they may be allowed and may have
decreed to them the several sums and objects specified, and
for the purposes alleged ; and that the account of their
administration be approved and homologated, and that they
be discharged.

The attorneys for the heirs filed exceptions to the petition
and account of the executors, and specially deny that they

are entitled to commissions of two and one half per cent. on the whole amount of the estate of the decedent, but only on such part as actually came into their possession, to wit, the proceeds of sixty bales of cotton, sold by order of the Court of Probates, the executors not being constituted *detainers* of the estate by the will. The defendants also except to so much of the executors' demand as requires the payment of one thousand dollars for the legacy to Phebe, and the delivery of Louisa's child to her. They aver that the Probate Court is without jurisdiction of the latter claims, the District Court alone having jurisdiction of such matters. They conclude with a prayer that their exceptions be sustained, and for general relief.

EASTERN DIST.
June, 1836.

ANDERSON'S
EXECUTORS
vs.
ANDERSON'S
HEIRS.

The will under which the executors acted, is in the olographic form, and contains the following clauses, to wit :

" I hereby will and bequeath to my brother William Anderson, merchant, in Richmond, Virginia, Helen Anderson and Margaret Young, my youngest sister, both residents of the same city, all my property, real and personal, to be equally divided to each, except the following donations, viz : I leave to Phebe, one hundred acres of land, known by the name of *Taguinos Place,* with all the improvements thereon, and four negroes, viz : Phil, Jeanny, Big Louisa and Long Frank, and one thousand dollars in cash, to be invested in bank stock. At the death of Phebe, the said land and negroes, and increase, to become the property of a yellow boy by the name of Alexander, son of Jeanny ; and in case of his death, to revert back to my said heirs. This I do for Phebe, for her long and faithful services to me.

" I hereby appoint A. Bird, general P. Thomas and major Vail, my executors of this my last will and testament, and earnestly request them that every thing may be settled amicably between my heirs, and that no law-suit on any account shall be between them. If they cannot agree, let it be settled by arbitration," &c.

The testator also annexed a schedule of his estate to the will, estimated by him at one hundred and seventeen thousand and one hundred dollars. The will was duly admitted to

EASTERN DIST.
June, 1836.

ANDERSON'S
EXECUTORS
vs.
ANDERSON'S
HEIRS.

probate, two of the executors, Bird and Vail, qualified and acted under it.

On the trial, the plaintiffs proved by witnesses their possession and seizin of Anderson's succession. This testimony was excepted to on the ground that no parole evidence of seizin or possession could be received. The will must authorize and show it.

The judge of probates overruled the exceptions of the defendants. He considered that under articles 1676 and 1652 of the Louisiana Code the executors had a right to the seizin of the estate, and that under the will they had possession and administered the whole property of the testator, and that they were entitled to their commissions on the amount of the inventory as prayed for.

Judgment was rendered in favor of plaintiffs against the defendants, homologating the accounts of the executors; allowing them their full commissions, and that they recover one thousand dollars to pay the legacy to Phebe, and the slave child of Louisa, born since the date of the will, and that the defendants pay costs. The latter appealed.

*Brunot* for the plaintiffs, contended :

1. That the executors had the actual possession and the seizin of the testator's estate, as appears from the face of the will itself. It shows that the heirs were all non-residents, and they did not obtain possession for several months after the succession was opened.

2. In the construction of olographic wills, effect should be given to the intention of the testator, as gathered from all the circumstances of the case, and the relative position and situation of the parties. It is not to be expected, that men unacquainted with the niceties of the law, will execute their olographic wills with that technical accuracy specified. That seizin was intended to be given to the executors in this case, is evident from the general power conferred on them to manage the estate.

3. The Probate Court is required to appoint an attorney to represent the absent heirs, which was done in this case, as

they were all absent. He is to act until the succession is liquidated and settled, and how could it be settled, if the executors have not the seizin ? *Louisiana Code, articles* 1654–5, 1705–6 *and* 8.

EASTERN DIST.
June, 1836.

ANDERSON'S
EXECUTORS
vs.
ANDERSON'S
HEIRS.

4. The judgment homologating the executors' account, is correct, not having been opposed by the attorney for the absent heirs. So far as any account might be claimed by the heirs, they are precluded in this case, by the judgment and proceeding putting them into the possession of the estate, which is *res judicata. 3 Martin,* 481. 9 *Ibid.,* 727. 2 *Louisiana Reports,* 587. *Code of Practice,* 1004, 1008, 997.

5. The part of the judgment decreeing the payment of the legacy to Phebe, and the delivery to her of the slave child, is correct. The executors are required to see the provisions of the will are complied with, and the intentions of the testator carried into effect. Until this is done, the executors are bound to act. *Louisiana Code,* 1655.

*T. G. & M. Morgan* and *Turner,* for the defendants.

*Elam* submitted the following additional points on the part of the plaintiffs.

1. The judgment of the Probate Court is contrary to law and evidence, and should be reversed.

2. The executors had not, either by the will or law, seizin of the whole estate, and could not charge commission thereon. See *Will, Louisiana Code, articles* 1652, 1653. *Napoleon Code,* 1026.

3. That part of the *will* which gives a donation to Phebe, contains a substitution ; hence it is null and void. *Louisiana Code, articles* 12, 1567. 5 *Martin, N. S.,* 302. 6 *Louisiana Reports* 321. Therefore, the executors could not demand the slave child, nor the investment of the one thousand dollars as a legacy.

4. There is no proof that this child is the offspring of Louisa, or that Louisa had any child born subsequent to the making of the will.

5

EASTERN DIST.
June, 1836.

ANDERSON'S
EXECUTORS
vs.
ANDERSON'S
HEIRS.

*Bullard J.* delivered the opinion of the court.

The executors of the last will of Anderson having surrendered the estate to the instituted heirs before the year of their executorship had expired, presented their account of administration to the Probate Court, showing a small balance in their hands in money. They pray an allowance of about two thousand dollars for their commissions on the amount of the inventory, deducting some bad debts. They further demand of the heirs to pay the one thousand dollars as a legacy left by the will to a servant, who had been emancipated by the will, and to whom that sum was given to be invested in bank stock, but which the executors had not paid or invested during the time they were charged with the care of the estate. They further demand a young slave, the child of one of the slaves, given as a legacy to the same servant, born after the will was made.

The heirs made opposition to the account thus rendered, on several grounds, most of which are not now insisted on, but more especially to the amount of commissions, and to that part of the petition which relates to the legacy to Phebe. They deny the jurisdiction of the Probate Court, and the right of the executors to recover of them.

Where the will does not give the seizin of an estate to the testamentary executors in the legal or technical sense of the word, yet when the heirs are absent from the state, and the executors took possession of the whole estate, as they clearly had a right to do, they are entitled to full commissions on the amount of the inventory after deducting bad debts, &c.

The Court of Probates allowed full commissions as claimed, and gave judgment in favor of the executors for one thousand dollars, to be invested by them for Phebe, the emancipated servant, as well as for the young slave; and the heirs appealed.

It is contended by the appellants, that by the will the executors had not seizin of the property of the estate, and consequently, according to article 1676 of the Louisiana Code, they are not entitled to commissions upon the amount of the inventory. Admitting that the will by its terms does not confer the seizin in a legal sense of the word, yet the next article of the Code (1677) declares, that "if the executor has not had a general seizin, his commissions shall only be on the estimated value of the objects which he had in his possession," &c. In the present case, it appears that all the

heirs were absent from the state, and that the executors pro- EASTERN DIST.<br>June, 1836.
ceeded to take possession of all the property of the estate,
as they had clearly, under such circumstances, a right to do. <span>ANDERSON'S<br>EXECUTORS<br>vs.<br>ANDERSON'S<br>HEIRS.</span>
The seizin spoken of in the Code is derived from the testa-
mentary law of France. According to the doctrine of Pothier,
such seizin is not incompatible with that of the heir, for it is In the absence
not a true possession; the executor possesses in the name of of the heirs, the testamentary ex-
the heir, and it is the heir who is the real possessor: the ecutors who are put in possession
executor is constituted sequestrator of the property. *Pothier* of all the proper-
*des Testamens*, 90. When seizin is not given by the will, the ty, have it under their charge and
heirs may retain possession, except so far as it may be neces- responsibility, even when there
sary to pay debts and legacies. But in the present case, the is no express or legal seizin
executors were, in the absence of the heirs, instituted by the given, and are
will, put in possession of all the property; and it was under entitled to full commissions.
their charge and responsibility, until the heirs appeared and Parole evi-
possession was delivered to them. To show the extent of dence is admissible to show the
their real possession, we think the parole evidence excepted nature and ex-
to was properly received. Believing that the possession of tent of the pos-
the executors was legal and beneficial to the heirs, we are of estate by the ex-
opinion that they are entitled to commissions according to the there is no ex-
article of the Code, just cited. given by the will.

As it relates to a legacy of one thousand dollars, to be After the exe-
invested in bank stock for Phebe, the executors would have cutors have sur-
been authorized to retain sufficient funds in their hands to rendered the es-
execute that part of the will. But they appear to have sur- legatees who are
rendered the whole without insisting upon that right; and rect action a-
the will being as obligatory on the heirs to deliver the legacy for the amount of
as upon the executors, the legatee who is not joined in the their legacies,
present suit, has a direct action against the heirs, for this to it for redress.
purpose. We are, therefore, of opinion, that the Court of
Probates erred in rendering judgment against the heirs for
that sum and for the child of one of the slaves, bequeathed
to Phebe.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Court of Probates be reversed and annulled;
and it is further considered and adjudged, that the account
rendered by the executors, be confirmed and approved, and

EASTERN DIST.
June, 1836.

PASSEBON
vs.
HIS CREDITORS. that they retain in their hands the balance of five hundred and fifty-eight dollars and twenty-six cents ; and that they recover from the heirs the further sum of fourteen hundred and fifty-three dollars and ninety four cents, with costs in the Probate Court ; those of the appeal to be paid by the plaintiffs and appellees.