## WILLIAM ADAMS *v.* ROUTH AND DORSEY.

Where, in a judgment rendered, the amount is left in blank in the record, the appeal will be dis-
missed.

A testator can leave to his concubine only movables to the value of one-tenth of his estate.

An heir cannot contest the validity of a legacy, when sufficient remains, after payment of the legacy,
to pay him the full amount of his interest in the succession.

APPEAL from the District Court, Tenth District, *Perkins, jr.*, J.
Stacy & Sparrow, for plaintiff. The emancipation of a slave is the do-
nation of an immovable. *Prudence* v. *Berudi*, 1 Lou. R, 241. A concubine
can only take a tenth of the estate, C. C. 1468; 6 Lou. R, 387. "Illegitimate,
colored bastards are not permitted to prove their paternal descent, but it may
be proved against them." C. 226; *Jung* v. *Doricourt*, 4 Lou. 177; *Robinnet*
v. *Verdan*, 14 Lou. 544; *Compton* v. *Prescott*, 12 Rob. 71.

 *Shaw*, for defendants. The emancipation of a slave is the donation of his
value. 1 Lou. 241.

ROST, J. This is an appeal by *John Routh* and *Samuel W. Dorsey*, execu-
tors of *Wm. Adams, jr.*, from so much of the judgment, rendered in this case,
as annuls and declares void the provision in the will of *Adams* emancipating
the slave *Nancy*, and bequeathing her a sum of money, the watch and furniture
of the testator. *John Routh* has also appealed from a judgment rendered
against him individually, but as the amount for which the judgment was ren-
dered, is left in blank in the record, and we have no means of supplying the de-
fect, that portion of the appeal must be dismissed.

 The plaintiff and appellee has prayed that the judgment be amended in his
favor, by setting aside two legacies of $1000 each to two bastard children of
the testator, which the District Court has allowed, on the ground, that the lega-
tees had not been legally emancipated, and if they had been, that the acknow-
ledgment of the father in the will is insufficient to give them capacity to take
the legacy.

 The right of the plaintiff to oppose the emancipation of the slave *Nancy* is
undeniable. He is the forced heir of the one undivided fourth of his son's
estate, this slave included; and may, as such, contest the validity of the testa-
mentary disposition under which she claims her freedom.

 It is proved that the testator had lived in open concubinage with this woman,
and under the disposition of Article 1468, he could only give her movables
equal in value to one tenth part of his estate. Admitting that the emancipating
a slave by will should, in favor of liberty, be considered not as the donation of
an immovable, but as a donation to the slave of his own value, yet that value
must not exceed the disposable portion. *Nancy* is valued in the inventory at
$1000, and the property which legally belonged to the testator, without includ-
ing her, at $4750. The disposition is, therefore, excessive, and as it cannot be
reduced, the District Judge properly set it aside.

 The appellee is entitled to receive one-fourth of the entire succession of the
testator, and to enforce a partition of it in kind or by licitation, as the case may
be; but as after he has received his share sufficient assets will remain in the
hands of the executors to pay the legacy of $1000 to each of the children of
the testator, he has no interest or standing in Court to contest the validity of

16

ADAMS
  v.
ROUTH & DORSEY.

those legacies; and as the residuary legatees have not prosecuted their appeal from the judgment, it must remain undisturbed.

It is ordered, that the appeal of *John Routh* individually be dismissed.

It is further ordered, that the judgment be otherwise affirmed, with costs.