## SUCCESSION OF BOATWRIGHT.

It cannot be inferred that the testator intended to give a general *seizin* to the executor from the following expressions: "I leave the whole of this foregoing, as written, to the management of *Fergus Hathorn*, to have my request carried out fully and faithfully."

APPEAL from the District Court of St. Landry, *Martel*, J.

*H. W. Garland*, for executor.   *J. E. King*, for opponents and appellants.

SPOFFORD, J.   *Fergus Hathorn*, testamentary executor of the last will of *M. D. Boatwright*, having filed an account and tableau, the heirs opposed the same "on the ground that the commissions of said executor are overcharged; that the said executor never had the seizin of said estate, and that the amount of said commissions ought to be reduced."

The commissions opposed are estimated upon "$55,944, amount of the half of the deceased in the partnership of *Boatwright & Swayze*, and his personal property," to wit, $1398 66.

The only expression in the will from which it is possible to infer an intention to give a general seizin to the executor is the following: "I leave the whole of this foregoing, as written, to the management of *Fergus Hathorn*, to have my request carried out fully and faithfully." The fair construction of this clause would seem to be that the executor was only requested to see to the execution of the legacies. It cannot be held to confer a seizin of the entire succession under the Article 1653 of the Code. "The testator may express his intention to grant the seizin of his estate to the testamentary executor, either in express terms, by authorizing him to take possession of the whole or

SUCCESSION OF
BOATWRIGHT

a part of the estate of his succession after his death, or by merely appoint-
ing him testamentary executor and detainer of his estate, the word *detainer*
sufficiently announcing that the executor is to be seized of the property of the
succession.

But if the executor testamentary be merely appointed testamentary executor
without any power, his functions are confined to see to the execution of the
legacies contained in the will, and to cause the inventory and other conserva-
tory acts of the property of the succession to be made."

But by Article 1677, if the executor has not had a general seizin, his com-
mission shall only be on the estimated value of the object which he has had in
his possession, and on the sums he has had in his hands for the purpose of
paying the legacies and other charges of the will." It has been held that parol
evidence is admissible to show what property of the succession has passed
through the hands of the executor, even when seizin has not been given by
the will. *Anderson's Executors* v. *Anderson's Heirs*, 10 La. 29.

The account in this case shows that the executor received the sum of $31,-
468 49 wherewith to pay the debts and the legacies. We are of opinion that
his commission should be reduced to two and a half per cent. upon this sum.

No opposition was made to the separate allowance of $850 to *Robert
Burguerel* for special services rendered to the succession.

It is, therefore, ordered, that so much of the judgment of the District Court
as dismisses the opposition of the heirs of *Michael D. Boatwright* to the ac-
count and tableau of *Fergus Hathorn*, testamentary executor, be avoided and
reversed; it is further ordered, that the said opposition be sustained so far as
to reduce the commission of the said executor from the sum of thirteen hundred
and ninety-eight dollars and sixty-six cents ($1398 66,) as charged, to the sum
of seven hundred and eighty-six dollars and seventy-one cents ($786 71), which
sum is hereby allowed to the said testamentary executor in full for his com-
missions, the account and tableau to be amended accordingly; and it is further
ordered, that in all other respects the judgment appealed from be affirmed; the
costs of this appeal to be paid by the said *Fergus Hathorn*, appellee.