No. 9806.

SUCCESSION OF CHARLOTTE PIFFET.—ON RULE OF A LEGATEE FOR POSSESSION.

*The executors of a will who deliver possession of an immovable to the usufructuary under the will, legally lose seisin of the property, which does not revert to the succession if the usufruct expires before the functions of the executors have expired; the usufruct then becomes incorporated with the ownership. Hence, in such a case the legatee of the naked ownership of the immovable cannot demand deilvery of his legacy of the executors.*

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*Fred. D. King* for Plaintiff and Appellant.

*T. Gilmore & Sons* for the Executor, Appellee.

The opinion of the Court was delivered by

POCHÉ, J.   The last will of the deceased contained a special legacy of two pieces of immovable property, on Bourbon street, in this city, in favor of Joseph R. Meghill, subject to the usufruct thereof, for his lifetime, bequeathed to J. B. Piffet, the decedent's husband.   The will was probated, and in due course Piffet was placed in possession of the property, subject to his usufruct, and Piffet died in September, 1885.

A short time thereafter Meghill, the legatee for the naked ownership of that property, instituted these proceedings, to be put in possession thereof, on the ground that the usufruct established by the will in favor of J. B. Piffet had ceased at his death.   He made the executor a party to his rule.

The latter made no opposition or appearance by pleadings.   On the trial the relief prayed for by plaintiff in rule was denied for the time being, and further consideration of the rule was postponed to the trial of the opposition of J. B. Piffet, now represented by his heirs at law, claiming the marital fourth of the succession of Charlotte Piffet.

From that judgment Meghill has taken the present appeal.

The District Judge rests his judgment on the following considerations, that in view of the claim urged by the Piffet heirs for the marital fourth, which, if sustained, would take precedence over the legacy in favor of Meghill, plaintiff in rule, and that by parting with portions of the property of the succession the executors might eventually be without sufficient means to meet the payment of said

marital fourth, although many other legacies under a particular title had already been delivered, it was thought proper not to grant the relief prayed for at that stage of the succession. The record is not a condition to justify us in reviewing the reasons of the judge, as we find no issue to pass upon. It is true that the consideration adopted by the judge had been suggested, in argument, by counsel for the heirs of Piffet.

But it appears that the Piffets filed no intervention or pleadings of any kind. Now the executor, who did not join issue below, states here by brief that he has no interest in the matter, as his seisin of the property terminated with the delivery thereof to the usufructuary; and that at the end of the usufruct the property cannot revert to the succession, but the possession is then legally joined to the naked ownership.

That proposition is undeniable in law, and hence the executor was not the proper party to be made a defendant in rule.

Article 1630 of the Civil Code provides: "The delivery of legacies under a particular title must be demanded of the testamentary executor, who has the seisin of the succession. If the testamentary executor has not the seisin, or if his functions have expired, the legatees must apply to the heirs."

It is argued by appellant's counsel that the executors have yet the seisin of the succession; that may be true as to certain portions thereof, but it surely cannot be extended to a piece of property which is the object of a legacy under a particular title, and which under the will has gone out of the control of the executors.

It thus appears to our minds that when this rule was tried there was no issue joined or to be tried before the court, and that the rule should have been discharged for want of parties.

Since the death of Piffet the property in question must be in possession of some one, subject to the right of possession of the legatee of the naked ownership. It is not in the possession of the executors, and it is not intimated that it is in the possession of the succession of J. B. Piffet. The way may be open to the legatee, but if he is resisted he has his proper recourse.

It is therefore ordered that the judgment appealed from be annulled and set aside, and it is now ordered that the rule for possession by Meghill be discharged at his costs in both courts, without prejudice to his right of taking possession of the property described in his rule; or of judicially claiming the same in a proper proceeding.