*1103 The opinion of the court was delivered by
McEnbry, J.
This suit is the logical sequence of the case reported in 44 An. 295. The pleadings and the facts are stated therein. That suit was for the purpose of compelling a succession administrator who had been discharged to file an account to the plaintiffs claiming to be the legal heirs of the deceased. The administration of the succession had been closed and the'account homologated. Under the order of the court the residuum of the succession had been delivered by the administrator to Mrs. Amelia Gillingham as the sole heir of the deceased.
The contest is between the brother and sisters of the deceased and Mrs. Gillingham, who claims to be his legitimated daughter.
Mrs. Gillingham was not made a party to the first suit. Therefore the decree was that “ the judgment appealed from be amended so as to read as a mere judgment of dismissal, as in case of non-suit, reserving to plaintiffs the right to renew the action on proper averments, and against the proper parties.
In pursuance of this decree the present suit was instituted, making Mrs. Gillingham a party.
The prayer of the petition is that the judgment homologating the account be declared a nullity, and that the discharged administrator file an account to petitioners, and in default thereof they ask for judgment against him for five thousand four hundred and fifty-seven dollars — the amount of the property in the inventory which went with his bonds. Mrs. Gillingham is dead, and her representative was made a party defendant.
This controversy involves the issue of heirship. On this point the evidence in the record is meagre. It does not satisfy us that Mrs. Amelia Gillingham was an adulterous bastard, as urged by the plaintiffs.
She had applied for the administration of the succession, and this was opposed by Louis Baron, one of the plaintiffs, on the ground that she was not the legitimate daughter of the deceased, on account of her mother being unmarried at the time of her conception. Mrs. Gillingham was appointed administratrix, on the issues thus presented, but she failed to qualify. The defendant Baum was appointed administrator.
There is no note of evidence in the application of Mrs. Gillingham, and the plaintiffs claim that the decree appointing her adminis *1104 tratrix is null for that reason. If an appeal had been taken from that judgment and lodged here on account of the absence of the note of evidence from the record, the decree would undoubtedly have been annulled and the case remanded. But there is no evidence that a note of evidence was not taken; the testimony of the clerk is that he could not find it among the succession papers.
' He was not the clerk of court when the decree was rendered, and says he only looked for the note of evidence in one single bundle of papers, endorsed “ Succession of Pierre Baron.” We presume the decree was rendered in accordance with the. allegations in Mrs. Gillingham’s petition, supported by evidence. The decree closes as follows: “It is farther ordered, adjudged and decreed that she be recognized as sole heir of deceased.” It was under this decree that the administrator paid over to her'the balance of the succession after paying debts. The absent heirs were represented by an attorney appointed for that purpose. The evidence does not show that there was any fraud or collusion between the administrator and Mrs. Gillingham. The decree had full force and effect until set aside. As long as it was in existence it was to be respected as a valid judgment, protecting the administrator in the final distribution of the funds of the succession.
Judgment affirmed.
Rehearing refused.