## Mollie Reizer v. W. K. Mertz, Executor.

1. ORDER OF DISTRIBUTION—*what confers jurisdiction upon court to enter.* Jurisdiction to enter an order of distribution may be conferred by publication and where the order of distribution recites that it was entered upon "due proof of the publication of notice," the presumption is that jurisdiction existed.

2. EXECUTOR—*when cannot be ordered to account.* An order of the court of probate directing distribution of the estate of a deceased person to persons whom the court knows to be the heirs at law and entitled to the estate, is conclusive, and furnishes full protection to the executor, unless appealed from.

3. DISTRIBUTION OF ESTATE—*remedy of heir where, improperly made by order of court.* The remedy of an heir who asserts that the estate was improperly distributed, where such heir had no notice of the order of distribution, is against the parties who received the share of such heir and not against the executor.

Contest in court of probate. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

JOHN W. PITMAN, for apppellant.

R. W. MILLS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from an order of the Circuit Court dismissing the petition of appellant that appellee, as executor of the will of Randall J. Adkins, deceased, be cited to show cause why an order discharging him as such executor should not be vacated, and he be required to pay to appellant her distributive share of the estate of said testator.

The facts involved are substantially as follows: Randall J. Adkins left a will by which, after some specific devises and bequests, he left the residue of his estate to his heirs at law to be divided in accordance with the Statute of Descents of this State. Letters testamentary under said will were issued to appellee by the County Court of Cass county. The estate was reduced to money as directed by the will and in October, 1901, the executor prepared and rendered a final report to the County Court. Notice by publication of final settlement in accordance with the direction of the county judge was given and the final report filed by the executor on November 4, 1901. The county judge being absent from the county at the time, the matter was continued from term to term until the February term, 1902. On the first day of that term, the executor presented said final report to the court for approval. At the same time the other heirs at law of Adkins filed an intervening petition alleging that appellant, who was designated by the name of Mary Brayman, and one Eliza Waldron, who were residuary legatees under said will, had been absent for a period of twenty-five years and that none of their relatives had heard from them in that time; that a presumption of their death before the death of the testator had arisen, and asking the court to order their shares distributed among the other heirs at law. Whereupon the court, after hearing the evidence of witnesses, which tended to confirm the allegations of the petition, on February 3, 1902, entered the following order, to-wit:—

"And now on this day comes said executor and makes due proof of the publication of notice fixing upon this term of court for the filing of his account current and final report and the court having examined said report and there being no objections filed, the Court approves said report and orders that it be filed and entered of record. And afterwards, to-wit: on the same day comes Joshua T. Adkins et al. and present to the court their petition showing that there is now in the hands of said executor the sum of $1,658.50 belonging to Mary Brayman and Eliza Waldron as per terms of will as residuary legatees which said petition states that said executor has made diligent search for said Mary Brayman and Eliza Waldron and has been unable to find them; and that said executor is about to deposit in the county treasury said sum of money; that neither Mary Brayman or Eliza Waldron have been heard from or of for more than 7 years; and petitioners further state that in law a presumption has arisen that said Mary Brayman and Eliza Waldron were dead at the date of the death of Randall J. Adkins, and that the legacies of said Mary Brayman and Eliza Waldron thereby lapsed and became a part of the estate of said Randall J. Adkins. Wherefore your petitioners make the said William K. Mertz, as executor, party defendant hereto and pray that he may be cited to appear and show cause, if any he have, why said sum of $1,658.50 should not be divided among the other heirs of said Randall J. Adkins and if the court shall be of the opinion that diligent search has been made for said parties your Honor will make order for distribution as prayed for. And it appearing to the court from said petition and from the testimony of William K. Mertz and Joshua T. Adkins, sworn and examined in open court, and their depositions filed in this cause, as well as from the other records and files in this court, that the said Mary Brayman nor Eliza Waldron have neither been heard from nor seen for more than 7 years and that they nor either of them have been heard from since 1882. And that the presumption of law is that they are dead; that the sum of $1,658.50 belonging to said Mary Brayman and Eliza Waldron as per terms of said will be divided among the other heirs of Randall J. Adkins as per provision of will. It is further ordered that said executor bring receipt in court for

said amount either from attorney for heirs or from heirs themselves."

The executor pursuant to such order thereupon distributed the funds in his hands in accordance therewith.

On August 12, 1905, appellant, who had been living in the State of Kansas, and until the fall of 1904 had no knowledge of the death of the testator, filed the present petition in the County Court. Upon a hearing that court denied the prayer of the petition. Appellant then appealed to the Circuit Court where, upon hearing, the petition was dismissed at her cost. To reverse said judgment of the Circuit Court she then appealed to this court.

The respective contentions of counsel present for our determination the question whether the county court, at the time of the entry of the order above set forth, had jurisdiction of, first, the subject-matter and, second, of the person of appellant. Jurisdiction of both the person and the subject-matter is essential to the validity of such order and if either was wanting the order is void. It is insisted by appellant that the effect of the notice of final settlement which was published in compliance with the statute and the order of the County Court, was merely to advise those interested that the executor had filed his final report and would apply for an order for distribution and discharge; that the court had no power under such notice, and upon a mere final preceding for the settlement of an estate only to make a finding that one of the distributees was presumptively dead and to order her share paid other than to the county treasurer pursuant to the statute.

We are satisfied that the County Court, sitting in probate, had such constructive jurisdiction over the person of appellant as is contemplated by the statute, which provides that notice of final settlement shall be given "in such manner as the court may direct." Rev. Stat., section 112, chap. 3. The order of distribution expressly finds that "due proof of the publication of notice" of the intention of the executor to present his final account at that time has been made.

The County Court in the administration of estates of deceased persons is a court of general unlimited jurisdiction and every presumption and intendment will be indulged to sustain its jurisdiction. Frank v. People, 147 Ill., 105. Where a court of general jurisdiction proceeds to adjudicate a cause, and there is no affirmative showing in the record to the contrary, there is a presumption of jurisdiction. Forrest v. Fey, 218 Ill., 165. We find nothing in the abstract of the record in the present case, affirmatively showing that proper constructive notice was not given to appellant, nor which is contradictory to the recital of the decree to that effect. It is not denied that the County Court had power to order distribution of the residuum of the estate and to decide all questions necessary to a correct distribution of the same, but it is contended that the court had no jurisdiction to order the payment of appellant's share to the other heirs, upon the mere presumption that she was dead, and that she being in fact living, the order was null and void. Whether or not the court had any such power we regard as immaterial. The record fails to show that appellee was guilty of any fraud or that he did not act in good faith. The mere fact that he failed to employ counsel to resist the petition and failed to appeal from the order is not sufficient to establish that fact. He was bound to obey the orders of the court of which he was an official and had a right to rely upon its orders. The order in question, whether authorized by law or not, we think furnished full protection to appellee in his compliance with the same.

An order of a probate court directing the distribution of the estate of a deceased person to persons whom the court finds to be the heirs at law and entitled to the estate is conclusive and furnishes full protection to the administrator unless appealed from. Kellogg v. Johnson, 38 Conn., 269; Exton v. Zule, 14 N. J. Eq., 501; Sayre v. Sayre, 16 N. J. Eq., 505; 18 Cyc., 632; Paullissen v. Loock, 38 App. 510; 2 Woerner's Law of Administration, sec. 506, p. 1129. In Lowry v. McMillan, 35 Miss., 147, it was held that a probate court has power to determine who are the distributees

of the estate and compel the administrator to deliver the assets to them and when acting in good faith under valid order, after due notice, he will be protected in the payment in accordance with the order. In Ferguson v. Yard, 166 Pa. St., 586, it was held that an executor who makes payment in accordance with the order of the Orphan's Court is protected by the decree and that it was immaterial that a refunding bond was not required from the distributees. In Stewart's Appeal, 36 Pa., 149, it was held that the administrator will be protected though the court subsequently open and change the decree. To the same effect is Johnson v. Wilcox, 53 Tex., 413. In Young v. Thrasher, 48 Mo. App., 327, the administrator, by the order of the probate court, paid one distributee more than his share and the court held the administrator was protected in the payment made in good faith. On Baron v. Baum, 46 La. Ann., 1103, it was held that when an administrator has distributed in accordance with the order of court he cannot be called to account by an heir subsequently appearing and claiming an interest in the estate. To the same effect are Hill v. Lowden, 116 Cal., 139, and Sparhawk v. Administrator, 9 Vt., 41. In Hurt v. Hurt, 6 Richardson's Eq. (S. C.), 114, it was held that a distributee absent from the state, but within the United States, who has been properly made a party by publication to the application for the distribution of an estate is concluded by the decree whether he had actual notice or not.

If the share of appellant was improperly distributed, she must look to the parties who received the same, and not to appellee. Exton v. Zule, supra; Leavens Estate, 65 Wis., 440. The case of Thomas v. People, 107 Ill., 517, cited by counsel for appellant, is not analogous to that at bar. The question there involved was as to the jurisdiction of the County Court to grant administration upon the estate of one who was living although presumed to be dead, which question does not here arise.

The decree of the Circuit Court is affirmed.

*Affirmed.*