(51 South. 1019.)

No. 17,703.

Succession of DELANO.

(March 28, 1910.)

*(Syllabus by the Court.)*

1. EXECUTORS AND ADMINISTRATORS (§ 495*)— COMPENSATION.

Where an executor has not the seisin of an estate, his commissions should be based on the money and property that actually passed through his hands in the course of the administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2090; Dec. Dig. § 495.*]

2. EXECUTORS AND ADMINISTRATORS (§ 216*)— MANAGEMENT OF ESTATE — EXPENDITURES— FEES OF ATTORNEY FOR ABSENT HEIRS.

An attorney for absent heirs, who has rendered no beneficial services to the succession, is not entitled to a fee out of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 757; Dec. Dig. § 216.*]

3. EXECUTORS AND ADMINISTRATORS (§ 216*)— MANAGEMENT OF ESTATE — EXPENDITURES— FEE OF COUNSEL FOR SUCCESSION.

The fee of counsel for the succession, as fixed by the judge before whom the services were rendered, will not be disturbed on appeal, when not manifestly above the customary professional charges in similar cases.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 757; Dec. Dig. § 216.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thomas M. Burns, Judge.

Proceedings for the settlement of the estate of Mrs. S. H. Delano. From a judgment homologating the executor's account, the residuary legatee appeals. Modified and affirmed.

George B. Smart, for appellant. Frederick J. Heintz, Jr., in pro. per. Hall, Monroe & Lemann, for appellee.

LAND, J. The decedent left a last will and testament, and property appraised at $40,797.51. The will was probated, and one of the executors nominated by the executrix qualified and administered the succession.

The will contained four special legacies of real estate, one of them to the wife of the executor, and a special legacy of a mortgage note for $6,500, and the testatrix bequeathed the rest of the estate to "Sister Mary Justine Berg, O. S. B., and at present Mother Prioress," with the full understanding that she was to finish and furnish St. Scholastica Chapel as the decedent intended to do, to assume and pay all debts, including that pertaining to the chapel, from property placed at the legatees' disposal for the purpose, and also to finish the crypt.

The residuary legatee advanced to the executor the sum of $4,000 to pay the debts of the estate.

The executor filed his final account, in which he charged himself with collections, $584.72, and $4,000 advanced by the residuary legatee, making a total of $4,584.72, and credited himself with privilege debts, law charges, and ordinary debts, aggregating $4,347.40, leaving a balance of $237.32, cash on hand.

Several oppositions were filed to the homologation of the executor's account, none of which require notice except that of the residuary legatee to the items of executor's commission, $1,019.93, attorney fees, $2,000, and fee of attorney of absent heirs, $100.

The fee of the attorneys for the executor were reduced, with their consent, to $1,500. and with this amendment the account was homologated by the judgment of the court.

The residuary legatee has appealed.

1. The commissions of the executor are based on the appraised value of the whole estate. The will did not give the executor seisin

or detainer of the whole estate; but it seems to have been the intent of the testatrix that the residuary legatee should take all the property not bequeathed to the special legatees and pay the debts of the succession. The nature of the bequest to the universal legatee does not concern the executor.

Civ. Code, art. 1660, after treating of the seisin of the executor, provides as follows:

"But if the executor testamentary be merely appointed testamentary executor, without any other power, his functions are confined to see to the execution of the legacies contained in the will, and to cause the inventory and other conservatory acts of the property of the succession to be made."

"If the executor has not had a general seisin, his commission shall only be on the estimated value of the objects which he has had in his possession and on the sums put in his hands for the purpose of paying the legacies and other charges of the will." Civ. Code, art. 1684.

It is admitted by opponent that the executor had possession of stocks, notes, and cash, aggregating $17,186. As it was the executor's duty to execute the special legacies of real estate contained in the will, he must be considered as having seisin of the same. The appraised value of this real estate was $8,600. It was conceded that the executor is entitled to commissions on $1,000, the value of a lot brought back into the succession. As to all the other property of the estate, possession was claimed by the universal legatee, notwithstanding the objections of the executor. Occupying the position of heir, after the probate of the will, the residuary legatee advanced to the executor an amount of money more than sufficient to discharge the debts of the succession and costs of administration. Under the circumstances of the case the executor had no right of seisin or of possession of the whole estate. We think that the evidence shows possession of the immovables not specially bequeathed and of the corporeal movables by the universal legatee. At least the executor did not have exclusive possession. Where the executor has no seisin, the heirs are considered as in possession. Young v. Courtney, 13 La. Ann. 194.

"When seisin is not given by the will, the heirs may retain possession, except so far as it may be necessary to pay debts and legacies." Anderson's Ex'rs v. Anderson's Heirs, 10 La. 35.

In that case it was held that parol evidence is admissible to show what property passed through the hands of the executor. In Succession of Boatwright, 12 La. Ann. 897, the commissions of an executor without seisin were restricted to the amount received wherewith to pay debts and legacies.

The commissions of the executor should be reduced to $669.65.

2. The fee allowed the attorneys of the succession for services rendered in the court below does not seem unreasonable, considering the value of the estate, the nature of the services, and the customary charges for similar professional work.

3. The attorney for absent heirs rendered no services whatever to the succession, and is not entitled to compensation out of the estate. Succession of Kellogg, 51 La. Ann. 1304, 26 South. 262.

It is, therefore ordered that the judgment below be amended, by rejecting the fee allowed the attorney for absent heirs, and by reducing the commissions of the executor to $669.65, and that, as thus amended, the said judgment be affirmed; costs of appeal to be paid one-third each by the appellant, the executor, and the attorney for absent heirs.