AYRES, Judge.
Plaintiffs have appealed from a judgment sustaining exceptions of no cause of action filed and urged on behalf of the defendants, W. S. Mason and Mrs. Katherine Price Mason.
Plaintiffs instituted this action primarily to recover legacies under a particular title allegedly made to them by the last will and testament of Claude Elmo Jones. These legacies allegedly consist of cash, with an additional bequest of an annuity payable monthly to plaintiff George W. Jones. Plaintiffs further prayed that an administrator’s sale of certain real property formerly constituting an asset of the testator’s estate be set aside as null and void.
Made defendant, in addition to W. S. Mason and Mrs. Katherine Price Mason, was Barbara Ann Jones, the minor daughter of Claude Elmo Jones by a former marriage to Mrs. Katherine Price Mason.
W. S. Mason was formerly administrator of the estate and succession of Claude Elmo Jones, deceased. Mrs. Kathryn Konechney Jones, the deceased’s surviving widow, renounced any interest she had under the will to her husband’s estate and succession. This action was instituted after the minor, as the only child and sole and only heir of decedent Claude Elmo Jones, was sent and placed in possession of his estate and succession by a judgment of court and subsequent to the administrator’s discharge of his trust.
The question presented for resolution, as pertains to the defendant, W. S. Mason, is whether these plaintiffs who are legatees under the will, by a particular title, have a cause of action against him predicated upon his acts as administrator, notwithstanding he had been discharged from said trust and the heir to said succession had been sent and placed in possession of the property and effects thereof.
The facts material to a consideration of the aforesaid question may be briefly stated. The proceedings in the matter of the succession of Claude Elmo Jones were instituted and filed May 19, 1954, as an intestate succession. W. S. Mason was appointed administrator and, after qualifying as such, administered the estate, after which the decedent’s widow, Kathryn Konechney Jones, was recognized as surviving widow in community, and Barbara Ann Jones was recognized as his sole and only heir and sent and placed in possession of his property by a judgment of court dated February 21, 1955. However, subsequent thereto, and on March 1, 1955, plaintiffs petitioned the court for the probation of decedent’s last will and testament dated June 20, 1951. The defendants herein opposed the pi'obation of the purported last will and testament of Claude Elmo Jones, primarily on the ground that the decedent evidenced his intention to revoke said purported will by disposition, prior to his death, of a portion of the effects referred to therein and because a diligent search for the original of said purported will failed to reveal its existence.
In the alternative, it was alleged that the succession had been fully and completely administered and closed; that plaintiff’s actions had abated and, as a final alternative, the document failed to meet the requirements of LSA-C.C. art. 1588 as an olo-graphic will. The original of a three-copy olographic will not having been found, the trial court concluded that the will had been revoked by destruction of the instrument. From a judgment rejecting plaintiffs’ demands for probation of the aforesaid will, they appealed. The Supreme Court, February 12, 1958, held the will valid and ordered and directed its probation. 234 La. 116, 99 So.2d 46. The will was accordingly admitted to probate January 20, 1960.
The present action was instituted by plaintiff George W. Jones February 22, 1960, and by plaintiffs Norman Oliver, Clarence E. Jones, Mrs. Lucille Waters, and Mrs. S. A. Rhoads on March 2, 1960.
There is no denial of the fact that an administrator of a succession is under an obligation to take care of the property *797 and effects entrusted to him as a prudent administrator. Moreover, he is responsible for all damages caused by his misconduct. LSA-C.C. arts. 1048, 1049, and 1147.
However, as heretofore pointed out, the demand of plaintiffs is for the delivery of legacies under a particular title. The demand was made after the heir was placed in possession of decedent’s estate by a judgment of court and subsequent to the administrator’s discharge, which was preceded by the filing and approval of his final account.
The bequests made by decedent to plaintiffs of cash and an annuity constitute legacies under a particular title as they are neither universal legacies, as defined by LSA-C.C. art. 1606, nor legacies under a universal title, as defined by LSA-C.C. art. 1612. Every legacy which is neither a universal legacy nor one under a universal title is a legacy under a particular title. LSA-C.C. art. 1625.
The rights and remedies of a legatee under a particular title, for the recovery of the legacy, are set forth in LSA-C.C. art. 1630. This article provides:
“The delivery of legacies under a particular title must be demanded of the testamentary executor, who has the seizin of the succession. If the testa- , mentary executor has not the seizin, or if his functions have expired, the legatees must apply to the heirs.”
In the Succession of Moore, La.App.Orleans, 1940, 196 So. 79, 82, the court, after referring to the aforesaid codal provisions and quoting art. 1630, stated, with reference to a comparable situation:
“Hence it will be seen that, before plaintiff can have cause to complain about the judgment in favor of Moore’s succession, she must first exhaust the remedy given to her under the above quoted articles. This she has failed to do and, until she does so, she is without a cause of action for it may be that, if such a demand is made, her legacy will be paid by the executor of Sallie Fowler’s succession.”
The responsibility of the heirs of a testator for the payment of legacies is further emphasized by LSA-C.C. art. 1633, which reads as follows:
“The heirs of the testator, or other debtors of a legacy, shall be personally bound to discharge it, each in proportion to the part that falls to him in the succession.
“They shall be bound by mortgage for the whole, to the amount of the value of the immovable property of the succession withheld by them.”
These codal provisions were recognized and followed in the earlier decisions of the Supreme Court. To name a few, the fol-. lowing are cited: Anderson’s Ex’rs v. Anderson’s Heirs, 10 La. 29; Succession of Dupuy, 33 La.Ann. 277; Succession of Piffet, 39 La.Ann. 466, 1 So. 889; Baron v. Baum, 46 La.Ann. 1101, 15 So. 364.
In the Anderson case, it was held that it was as obligatory upon the heirs to deliver a legacy as upon the executor. There,, the heirs had been sent and placed in possession of the estate. The executor, having failed to collect from the heirs or to-retain in his possession the sum of $1,000' due another as a legacy, instituted an action against the heirs for the recovery of that amount to pay the legacy. Recovery was-denied. The court held that legatees, who are unpaid, have a direct action against the heirs for the recovery of their legacies and must resort to that action for redress.
In the Succession of Dupuy, an issue was. presented as to the validity of title to property formerly constituting an asset of the succession. The natural heirs of the decedent compromised their claims with his legal heirs. Subsequent to this compromise and five years after decedent’s death, a will was found, by the terms of which the natural children were made legatees of a portion of decedent’s property. Concerning their rights, the court stated:
*798 “As to the claim of the particular legatees of sums of money, we have already shown that their demands are confined to two manners of proceeding. They must call on the heirs or legatees, or on the testamentary executors. C.C. 1630.”
To the same effect is the holding of the court in the case of Baron v. Baum. There, it was held that, in a succession where a judgment of court recognized a party as sole heir and, in pursuance of the judgment and under an order of court, the administrator, after paying the debts of the succession, paid and delivered to the heir, the balance of the succession assets, the heirs subsequently appearing could not compel the administrator to account to them, or to answer personally to them, for their inheritance.
In the Succession of Piffet, a legatee sued an executor for delivery of property under a legacy made to him by the deceased. It was held that executors of a will who deliver possession of an immovable to a usufructuary under the will legally lose seizin of the property which does not revert to the succession, or, if the usufruct expires before the functions of the executors have expired, the usufruct then becomes incorporated with the ownership of the property and, hence, a legatee of the naked ownership of the immovable cannot demand of the executors delivery of his legacy.
We therefore conclude that the rights and remedies of plaintiffs, as legatees under a particular title, are set forth in LSA-C.C. art. 1630, pertaining to the persons upon whom demand must be made for the delivery of particular legacies, and art. 1633, as concerns those liable for the payment of such legacies. And, therefore, plaintiffs’ demands against the former administrator, after his discharge and subsequent to the delivery of the assets of the succession to the heir, cannot be maintained without their rights against the heir having been first exhausted.
Plaintiffs, however, contend that the administrator was guilty of acts of both commission and omission inconsistent with his duty to administer the succession property as a prudent administrator. These allegations are directed at the alleged sale of certain of the real estate known as Gardner’s Landing on Cross Lake for less than two-thirds of its appraised value, the failure to collect, or offset, in settling with the surviving widow, an alleged obligation of hers due the estate in an approximate amount of $20,000, and in listing and disbursing separate and paraphernal funds as community funds. It will be noted, however, it is not alleged that the former administrator has or had any interest in the property formerly administered by him, or that he has, in his hands or under his control, any funds or property of the succession.
Plaintiffs’ rights, as legatees under a particular title, are, as heretofore pointed out, against the heir, who has been placed in possession of the property out of which they seek to be paid. This remedy, they must first exhaust before resorting to an action against the former administrator; otherwise they have shown no interest in, or prejudice, or damage by the acts of the administrator or from the disposition of property made by him.
We may point out that the interest of the plaintiffs as legatees is only to the amount of such legacies. What disposition was made of the effects of the s accession in excess of the interest of the legatees is of no concern to them. As said in the early case of Adams v. Routh, 8 La.Ann. 121, after an heir or legatee has received his share in a succession, he has no interest or standing in court to contest the validity of the disposition of the balance of the succession.
Therefore, we conclude that under the provisions of LSA-C.C. art. 1630, the proper party from whom plaintiffs should demand payment of their legacies is the heir who has been placed in possession of *799 the succession. The heir of the testator is personally bound for the payment thereof (LSA-C.C. art. 1633) to the amount of the value of the effects of the succession in proportion to the part falling' to him, subject to the rights of a forced heir to reserve to himself, from the effects of the succession, the legitimate portion secured to him by law (LSA-C.C. arts. 1465 and 1466).
There are no allegations in plaintiffs’ petitions that, because of the acts of the administrator, there are not sufficient effects of the succession delivered to the heir to pay the legacies. Because of the limited interest of plaintiffs in the effects of the succession, they have no cause of action against the former administrator unless, and until, it is shown that, because of his maladministration, the effects of the succession were wasted to the extent the heir did not receive a sufficient amount in value to pay their legacies.
Nevertheless, we may point out, as to the attack made upon the sale of the aforesaid realty, that the purchaser was not made a party to this action and, for that reason, said sale could not be annulled in the instant suit under any state of facts. It is elementary that every party who may be affected by a decree must be made a party to a suit because no one should be condemned without a hearing. Taylor v. Dunn, 233 La. 617, 97 So.2d 415, 421; Succession of Todd, 165 La. 453, 115 So. 653; Burney’s Heirs v. Ludeling, 41 La.Ann. 627, 6 So. 248; Sterlin’s Executor v. Gros, 5 La. 100; McCombs v. Dunbar, 3 La. 517.
Nor do we find error in the court’s disposition of the exception of no cause of action urged by Mrs. Katherine Price Mason in her individual capacity. The pleadings are barren of any showing which would warrant or justify plaintiffs’ recovery against her individually. Counsel, in neither brief nor argument, complain of the ruling in this defendent’s favor or point out any basis of error; nor do they contend for any relief from the judgment in her favor. Plaintiffs’ demands as against this defendant may be said to have been abandoned.
Nor do we find, from the judgment appealed, or from the court’s action in overruling a plea of prescription, plaintiffs have been deprived of due process of law, particularly in view of the terms of the aforesaid codal provisions whereby plaintiffs are specifically authorized to prosecute their demands against the heir who has been placed in possession of the testator’s estate.
In no event, do we find grounds warranting reversal of the judgment sustaining the exception of no cause of action.
Accordingly, the judgment appealed is affirmed at appellants’ cost.
Amended and affirmed.