## Rowland *against* Isaacs.

Where it appeared in an action brought in the name of the judge of probate, on an administration bond, against the surety of the administrator, that on a settlement made by the administrator with the judge of probate, there was in his hands the sum of 292 dollars more than the debts against the estate and the expenses of settling it, and that he had never paid over this sum to the heirs, in consequence of which, there was a breach of the condition of the bond; it was held, 1. that the damages were not to be nominal only, by reason of the fact that no order was made by the court of probate for the distribution of such balance, as it was his duty to apply to the court for all such orders as he found necessary to close the settlement of the estate; nor 2. by reason of the fact that the heirs entitled to such sum were, at the time of such

Rowland
*v.*
Isaacs.

settlement, and long afterwards, minors, having no guardian ; nor 3. by reason of the fact, that no demand was made upon him for it.

The defence to such action being placed on the ground of payment to the heirs, and this fact being found against the defendant ; it was held, that the defendant was liable in damages, not only for the principal of such balance, but for interest thereon from the time of the settlement.

THIS was an action of debt on a probate bond, dated the 12th of *December*, 1822, against the defendant, the surety of *Henry Belden*, deceased, who was adminstrator of the estate of *Uriah Selleck*, deceased.

The defendant, in his plea, set forth the bond and condition, which were in the ordinary form. The time limited in the condition for the exhibition of claims, was six months, and for the settlement of the estate, seven months. The plea then averred, that said *Henry Belden*, administrator of the estate of said *Uriah Selleck*, caused an inventory of all the goods, credits and estate of said *Selleck*, which had come into the possession or knowledge of said *Belden*, or into the possession of any other person for him, which he exhibited to the court of probate, on the 15th of *January*, 1823, and which was, by the court of probate, accepted and approved ; that the personalty of said estate, embraced in the inventory, amounted to 531 dollars, 13 cents, and the real estate belonging thereto, to the sum of 1500 dollars ; that said *Belden* afterwards duly administered said estate ; that there were debts against it, amounting together to the sum of 419 dollars, 94 cents, which said *Belden*, as such administrator, was by law bound to pay, and which he did pay, out of said estate, to the creditors to whom they were respectively due ; that in the administration of said estate, said *Belden*, as such administrator, rendered great services, and necessarily incurred great expenses, amounting to the sum of 54 dollars, 53 cents, payable to him out of said estate ; that the legal fees of the court of probate amounted to the sum of 7 dollars, 17 cents ; that the only heirs at law of said *Selleck,* at the time of his decease, were two grand-children of his, *Henry Selleck* and his sister *Maria Selleck*, who, at his decease, were, and until *April* 30th, 1828, continued to be, minors, under the age of 21 years, having no mother or guardian, and being incapable of taking care of themselves or of their property ; that these heirs, by reason of their tender age, and their circumstances

*Fairfield*,
June, 1842.

Rowland
*v.*
Isaacs.

in life, needed expenditures for their support and education, in consequence of which, said *Belden*, as administrator, at different times, between the date of the bond and the 30th of *April*, 1828, expended and paid out of said estate in his hands, for their support and education, sundry sums, amounting to 292 dollars, 38 cents ; that on the 30th of *April*, 1828, said *Belden* exhibited to the court of probate his administration account, including the debts against said estate, amounting to the sum of 419 dollars, 94 cents, the compensation for his services and expenses, amounting to 54 dollars, 53 cents, and the personal assets, amounting to 774 dollars, 3 cents ; which account was, by the court of probate, duly approved and allowed ; that the whole of said personalty was thus expended and applied, by said *Belden*, in his administration of said estate ; and that, by order of the court of probate, the whole of said real estate was duly distributed and set out to said heirs, which distribution was duly accepted and approved, by the court of probate, on the 15th of *April*, 1828 ; and that said *Belden*, as administrator, did, in this manner, fully administer, dispose of, and settle said estate, real and personal, and did pay and discharge all debts against said estate, and all expenses of settling the same ; that on the 15th of *July*, 1837, *Henry Selleck* died, intestate, leaving his sister *Maria*, his only heir at law, and entitled to all such estate as belonged to him at his decease ; that said *Maria* is now living, and this action is brought and prosecuted in the name of the plaintiff, for her sole use and benefit.

The second plea was like the first, with the addition of an averment, that the court of probate, on said 30th of *April*, 1828, approved and allowed all the accounts of said administrator, including his account of 292 dollars, 38 cents, for such expenditures for said minor children.

The third plea was like the first, with the addition of an averment that said sum of 292 dollars, 38 cents, was expended as in the first plea stated, with the consent and approbation of the mother and natural guardian of said minors ; they having no other guardian, and being under her superintendence and care.

The plaintiff, in his replication, traversed the alleged making and exhibition of an inventory ; the allegation that said *Belden* afterwards administered said estate ; the amount and

payment of debts and expenses, as alleged; the allegation that the heirs of *Uriah Selleck*, by reason of their tender age, and circumstances in life, needed the expenditures, and the making of such expenditures for them; that such expenditures were made with the consent and approbation of their mother; the exhibition of the administration account to the court of probate, as alleged; the allowance and approbation thereof, by the court of probate; and the allegation that said *Belden*, in this manner, administered and settled said estate.

The cause was tried at *Fairfield, February* term, 1842, before *Church,* J.

On the trial, the defendant gave evidence in support of his pleas, and opposing evidence was heard on the part of the plaintiff; but no evidence was offered to show, nor was it claimed, that the court of probate had ever made any order or decree for the payment, by said *Belden*, to the heirs at law of *Uriah Selleck*, of any of the personal assets in his hands as administrator; nor that any demand had ever been made upon him, as administrator, by any heir of said *Selleck*, for any distributive share, or other portion of the assets.

It was admitted, by the plaintiff, that *Henry* and *Maria Selleck* were heirs at law of *Uriah Selleck*, as stated in the defendant's pleas; and that at, and long after, the 30th of *April*, 1828, they were both minors, under the age of 21 years; and that they never had any guardian appointed for them, or either of them.

The defendant claimed, that if the jury should find the issues upon his pleas against him, still they could award against him only nominal damages; and, at all events, could not award against him in damages, said sum of 292 dollars, 38 cents; nor assess damages against him for any distributive share, or other portion of the personal assets, which was due to said heirs; inasmuch as no order had ever been made, by the court of probate, for the distribution of the personal assets, nor for the payment of them, or any portion of them, to said heirs, or either of them; inasmuch as no demand had ever been made upon said administrator; inasmuch as no ascertainment had ever been had, by the court of probate, of the amount of the personalty payable or belonging to said heirs; and inasmuch as no guardian had been appointed for

them, or either of them. And the defendant requested the court so to charge the jury.

The court charged the jury, *pro forma,* that if they should find the issues upon the defendant's pleas against him, they must allow in damages against him whatever amount of such personal assets they should find remaining in the hands of the administrator, after payment of the debts due from said estate, and the charges and expenses of settling the same, with interest thereon from the 30th day of *April,* 1828, to the present time ; subject to the opinion of the supreme court of errors, upon this question of damages.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial for a mis-direction.

*Hawley,* in support of the motion, contended, 1. That the defendant was not liable in damages for the non-payment of that which will ultimately belong to the heirs.

In the first place, no distributive share is demandable, until the court of probate, after ascertaining the debts, charges and advancements, has ascertained the amount due, and the persons to whom it is due, and has ordered payment or distribution. The condition of the bond, after requiring the administrator to render a just and true account of his administration, proceeds to require, that the residue of said goods, chattels, credits and estate, which shall be found remaining upon the administrator's account, the same *being first examined and allowed by the court of probate,* shall be delivered and paid to such person or persons respectively, as the court of probate shall appoint. *Stat. p.* 228. *s.* 11. *p.* 234. *s.* 29. (ed. 1838.) *The People* v. *Barnes* & al. 12 *Wend.* 492. Had the defendant pleaded general performance, and the plaintiff had replied non-payment to the heirs, without averring an ascertainment by the court of probate, he would have shewn no breach. Even a debtor must have his claim settled, by the judgment of a competent tribunal, before he can recover it in an action on the bond. *Cony* v. *Williams* & al. 14 *Mass. Rep.* 114. *Warren* v. *Powers,* 5 *Conn. Rep.* 374. 383.

Secondly, if there had been an ascertainment, by the court of probate, still a *demand* would have been necessary, as in case of a legacy. *Co. Litt.* 210. *b.* n. 109. by *Butler,* citing *Browl.* 46. *Prescott* v. *Parker* & al. 14 *Mass. Rep.* 428.

Thirdly, the heirs, in this case, being minors, payment could not lawfully have been made to them.  *Toller* 314. 318. *Davies* v. *Austen* & al. 3 *Bro. Ch. Ca.* 178.

Fourthly, the non-exhibition of an inventory in time, in this case, furnishes no ground for the recovery of such damages. This is not assigned or complained of, as a breach.  *Paine* v. *Moffit*, 11 *Pick.* 496.  If it were, still the damages should be merely nominal.  Damages should be allowed for a clearly and legally ascertained liability only, and commensurate only with that liability.  Nothing can be legally or equitably due, by force of a condition, until that condition has been broken ; and if broken in part only, the damages should be only commensurate with that breach ; the law proceeding, in subsequent breaches, as they occur, by *scire-facias.*

Fifthly, every matter which precedes distribution is peculiarly of probate cognizance, and entirely unfit for investigation by a jury ; yet under the charge, the jury must have ascertained debts, charges, &c.

Sixthly, *Henry Selleck* died long ago ; yet the whole (including his half) is given to *Maria.*  But his half could belong to nobody but the administrator of his estate, who might want it for payment of debts against his estate.  *Maria,* as his heir, had no legal title to it ; and *Belden,* if living, could not lawfully pay it to her ; and such payment would be no bar to an action by an administrator of *Henry's* estate.  *Tabor* v. *Packwood,* 1 *Day,* 150.  *Roorback* & al. v. *Lord* & al. 4 *Conn. Rep.* 347.

2. That the charge as to the allowance of interest, was incorrect.  Interest was allowed on the whole sum from the 30th of *April,* 1828, though, during the whole, or most of the time, *Belden* could not have lawfully paid the principal, for want of guardians, or of an administrator of *Henry's* estate. *Maria* was not entitled, after *Belden's* death, to a cent of the money.  No one could lawfully demand or receive it, but an administrator *de bonis non* of *Uriah Selleck's* estate.  No one else could pay debts, settle with the court of probate, see to advancements, procure an order of distribution, &c.

*Bissell* and *Butler,* contra, contended, 1. That no ascertainment could be made, by the court of probate, except by adjustment of the administration account ; nor any distribution

ordered, until after such adjustment.  The jury have found,
that the defendant did not present his account for adjustment,
and that no allowance or approbation thereof was had ; and
this was in consequence of the official neglect of the admin-
istrator.  The defendant cannot take advantage of the ab-
sence of that which it was his duty to procure.  A neglect to
procure the necessary action of the court of probate, is a
breach of official duty.  *Minor* v. *Mead* & al. 3 *Conn. Rep.*
289.  *Warren* v. *Powers,* 5 *Conn. Rep.* 374.  *Adams* v. *Spal-
ding* & al. 12 *Conn. Rep.* 350.

2. That no demand was necessary.  In the first place, the
defendant had undertaken to perform a *known official duty,*
which he was bound to perform without waiting for a de-
mand.  When the law imposes a duty ; when there is an
*existing* debt or duty, a knowledge of which rests with the
party who is to pay or perform, no demand need be made.
It is only where there is a precedent act to be done to con-
stitute that a duty, which, without it, would not be such, that
a special demand must be made.  *Capp* v. *Lancaster, Cro.
Eliz.* 548.  *Selman* v. *King* & al. *Cro. Jac.* 183.  *Hen-
ning's* case, *Cro. Jac.* 432.  *Bradcat* v. *Tower,* 1 *Mod.* 89.
*Hawley* v. *Sage,* 15 *Conn. Rep.* 52.

But secondly, a demand was not within the issue tendered,
in this case ; and the defendant had no opportunity to
prove one.

3. That if it was necessary that these minor heirs should
have a guardian to receive their distributive shares, and they
had none, these facts would not justify the administrator in
folding his hands, and neglecting to settle his account, or
procure an order of distribution.  If there had been a distri-
bution, the court would have appointed a guardian.  *Stat.*
330. *s.* 2. (ed. 1838.)  Besides, when this action was brought,
the surviving heir was of full age.

4. That the charge as to the allowance of interest, was
correct.  The administrator has kept the money, when he
ought to have paid it over.  No reason is shewn, why he should
*not* pay interest.  Of course, he is subject to the general rule
where one man keeps another's money.

WAITE, J.  The only question, arising upon this motion,
relates to the amount of damages.  The finding of the jury

*Fairfield,*
June, 1842.

Rowland
*v.*
Isaacs.

*Fairfield,*
*June, 1842.*

Rowland
*v.*
Isaacs.

conclusively shews, that there has been a breach of the condition of the bond. The recovery of damages then follows as a matter of course.

By the rules of the common law, those damages would be the whole penalty of the bond; and the defendant, to obtain a reduction, would be obliged to resort to a court of chancery. 2 *Bla. Com.* 341. Our statute provides, that in such case, when the trial is by the jury, they " shall find and assess such damages as are justly and equitably due." *Stat.* 50. *tit.* 2. *s.* 60. What damages, then, are " justly and equitably due," in this case ?

The defendant, in his pleas, has admitted, that on a settlement made by the administrator with the court of probate, on the 30th day of *April,* 1828, there had been received by him 292 dollars, 38 cents, more than he had expended in payment of debts, and in defraying the expenses of settling the estate. He further alleged, that he had paid over that balance to the heirs. But that allegation was denied, by the plaintiff, and by the jury was found against the defendant.

If, then, there was such balance in the hands of the administrator, which had never been paid over to the heirs, what right have the representatives of the administrator, or the defendant, to retain it ? The pleas admit, that the administrator was not entitled to it ; and that it belonged to the two grand-children of the deceased, who were his heirs at law.

It is said, no order was ever made by the court of probate for the distribution of this balance, or the payment of it to the heirs. But it does not appear, that the administrator ever requested the court to make any such order. It is not usual for our courts of probate to make orders in relation to the settlement of an estate, unless requested by the proper person. It was the duty of the administrator, in this case, to apply to the court for all such orders as he found necessary to close the settlement of the estate. *Warren* v. *Powers,* 5 *Conn. Rep.* 383. And the defendant cannot avail himself, in his defence, of any neglect of duty on the part of the administrator.

It is further said, that during a part of the time, since the property of the deceased came into the possession of the administrator, the heirs were minors, and had no guardian;

and that no demand was ever made upon him for the balance belonging to them.

*Fairfield,*
June, 1842.

Rowland
*v.*
Isaacs.

The question is not, whether the omission to pay the heirs, under such circumstances, would constitute a breach of the condition of the bond ; but whether, after there has been such a breach, and the plaintiff's right to recover damages established, those circumstances would justify the defendant in still retaining that balance.

We can see no reason why they should have that effect. The judge, in the prosecution of this suit, acts as trustee for those persons beneficially interested in the estate. And it will become his duty to see that whatever sum he recovers, is disposed of according to law. It is proper, therefore, that this balance should go into the possession of the court of probate, for the benefit of those legally entitled, rather than remain either in the possession of the representatives of the deceased administrator, or of the defendant, his surety ; especially, after the death of the administrator, when he can do nothing more in relation to the settlement of the estate. As that balance never belonged to him, his estate ought not to be increased by it.

A further objection is urged against the instruction of the judge on the circuit, in relation to interest. It does not appear, from the motion, that any claim was made on the part of the defendant, that he was not liable to interest, if more than nominal damages could be recovered.

We discover nothing in the case, which will exonerate him from that liability. If, indeed, the defendant had shewn, that the administrator had retained the property in his hands, without converting it to his own use, solely because there was no one legally qualified to receive it from him, he would not be chargeable with interest. But if he had used and treated the property as his own, and converted it to his own use, a different rule applies. Now, the defence is placed upon the ground of payment to the heirs, which is found to be untrue. The nature of the defence, and the long time that has elapsed since the settlement with the court of probate, furnish a fair presumption that the administrator converted the balance in his hands to his own use.

*Fairfield,*
*June, 1842.*
———
Rowland
*v.*
Isaacs.

We are, therefore, satisfied with the instructions given to the jury, by the judge ; and that a new trial ought not to be granted.

In this opinion the other Judges concurred.

New trial not to be granted.