ALBERT W. SANFORD, JUDGE OF PROBATE, *vs.* WILLIAM H. THORP AND ANOTHER.

It is the duty of an executor to apply to the court of probate, within a reasonable time after the settlement of his administration account, for an order of distribution; and where property is lost by his neglect to do this, he is chargeable with the loss.

Where certain facts are found in a case, for the proof of which no foundation has been laid by any allegations in the declaration or pleadings, they ought to be laid out of the case in rendering judgment.

DEBT on a probate bond, brought to the Superior Court in Fairfield County, and tried to the court on the general issue with notice. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*W. Hamersley*, for the plaintiff.

*I. M. Bullock* and *C. M. Gilman*, for the defendants.

PARK, C. J. The question in this case relates to the damages the party in interest in this suit is entitled to recover. It appears that on the 17th day of June, 1870, the defendant William H. Thorp, executor of the last will of Henry S. Thorp, deceased, settled his account as executor with the court of probate, and there was found remaining in his hands as executor the sum of $15,493.87 in cash. Of this amount Caroline E. Hermann, the party for whose benefit this suit is brought, and who is one of the legatees of the will of Henry S. Thorp, was entitled to receive one-ninth of two-thirds.

It was the duty of the defendant, as executor, to apply to the court of probate, within a reasonable time after the settlement of his account, for an order of distribution of the property remaining in his hands as executor, and to pay or distribute the same to the parties entitled under the will. *Warren* v. *Powers*, 5 Conn., 373; *Rowland* v. *Isaacs*, 15 Conn., 115; *Davenport* v. *Richards*, 16 Conn., 310. He neglected to do so, and in consequence of his neglect the cash remaining in his hands as executor became lost to the estate,

and the proportional part of the same, which the said Caroline was entitled to receive, became lost to her.

If there was nothing more in the case it would be clear that the plaintiff should recover, for the benefit of the said Caroline, one-ninth of two-thirds of the amount of cash remaining in the executor's hands at the time of the settlement of his account, with the interest thereon. But it is said that, nearly four years after the settlement of the executor's account, and after the commencement of this suit, the court of probate ordered distribution of the assets specified in the executor's account to be made, and worthless claims were distributed to the said Caroline in accordance with the order. This order of the court of probate was not appealed from, and consequently it remains unreversed; and now, it is said, it offers an effectual barrier to the plaintiff's recovery of a greater sum than that specified in the order. It is difficult to see how the facts relating to the order of the court of probate and the distribution of the worthless claims to the said Caroline came into the case. No foundation was laid for their admission by the pleading of the parties. Indeed the subject is nowhere suggested on the record. The plea of the defendants is the general issue, which is a general denial of all the material allegations of the plaintiff's declaration. But the declaration does not mention the subject. In fact, at the time it was served, no such order had been made. The notice of the defendants under the general issue sets forth merely an accord and satisfaction, (which was not proved,) and does not allude to any order of distribution. It is very clear that, before such facts could legitimately be brought into the case, foundation must be laid for their admission by the pleadings of the parties. This would be true at the common law; but the statute requires that notice shall be given of such matters of defence as are consistent with the material allegations of the plaintiff's declaration. These facts are so consistent; hence notice of them was necessary under the general issue. These facts, therefore, would not be included in any judgment which may be rendered in the case, for a judgment is co-extensive only with the pleadings and notice between the

parties, and is conclusive only upon the matters necessarily involved and included in them. *Coit* v. *Tracy.* 8 Conn., 268; *Dickinson* v. *Hayes*, 31 Conn., 417.

On this illegitimate ground alone the defendants seek to deprive the party in interest in this suit of nearly all the damages which manifestly she is equitably entitled to receive. Ordinarily we might not notice the irregularity, inasmuch as it does not appear that the plaintiff objected to the reception of the evidence relating to the order and distribution, but the order is so flagrantly unjust and inequitable that we feel bound to treat it as no part of the case. In contemplation of law the executor had in his hands, at the time the order was made, more than fifteen thousand dollars in cash, belonging to the estate. The party for whose benefit this suit was brought was entitled to receive more than eleven hundred dollars of the amount, but the order directed distribution to be made to her of only three hundred and sixty dollars, and the remainder of the order directed distribution of assets to her which were worthless at the time, and worthless when the executor settled his account. This was manifestly unjust.

We think the plaintiff should recover for the benefit of the said Caroline one-ninth of two-thirds of the sum of $15,493.87, with the interest thereon from the time the defendant William H. Thorp settled his account as executor of the estate; and we so advise.

In this opinion the other judges concurred.