PROBATE COURT OF WEST GREENWICH *vs.* WILLIS A.
CARR *et al.*

PROVIDENCE—JULY 2, 1898.

PRESENT: Stiness, Tillinghast and Rogers, JJ.

The common law rule that in a declaration on a bond the plaintiff could not
assign several breaches of the condition has been so changed by statute that
it is now proper to assign, in the same count, as many distinct breaches as may
be desired.

In a suit upon the bond of an administrator the assignment of a breach based
upon his neglect to render an account of his administration is demurrable
unless it is further alleged that he has been cited to render an account.

*Laporte* v. *Cook*, 20 R. I. 261, distinguished from the present case.

Within a reasonable time after the reception and approval of the report of com-
missioners upon an insolvent estate, it is the duty of the administrator to apply
to the Probate Court for an order of distribution; and when property is lost
by his neglect to do so he is chargeable with the loss.

The statute (Pub. Stat. R. I. cap. 186, § 11) assumes that the various steps in
the settlement of an estate therein mentioned are to be taken in pursuance of a
request from the administrator.

Courts of Probate do not usually act in these matters until they are requested or
moved to act, and the statute should not be so construed as to require them to
act until so moved.

It is the duty of an administrator to attend to all the details connected with the
settlement of the estate, and he is bound to seasonably move the court to take
the necessary steps required therein.

While the heirs are entitled to the rents and profits of the real estate until it shall
have been sold to pay debts, yet the administrator cannot be excused from pro-
ceeding within a reasonable time to procure such sale.

DEBT on the bond of an administrator. Heard upon de-
murrer to the declaration, the grounds of which are stated
in the opinion.

TILLINGHAST, J. The breaches of the administrator's bond
sued on in this case, as set out and assigned in the first count
of the declaration, are that said Willis A. Carr, administra-
tor *de bonis non* on the estate of John T. Lewis, having
represented the estate insolvent, and having had commis-
sioners appointed thereon according to law, who properly dis-
charged their duties and made their report to the Probate
Court, which was duly received and allowed, neglected to

ask for or have any order of distribution made amongst the creditors according to law; and particularly that no order was made to pay a dividend out of the estate to Mary A. Kenyon, one of the creditors, whose claim, amounting to $968.55, was duly allowed, and who brings this suit, although before the commencement thereof, to wit, on the 19th day of July, 1892, she made demand therefor upon said Carr, administrator. That said Willis A. Carr, administrator, did not well and truly administer, according to law, all of the estate of the intestate which came into his hands, and was guilty of unfaithful administration in this: That although said estate was in fact insolvent, he did not, within three years after his appointment, which was on the 26th of January, 1885, or at any time, raise money out of said estate, by collecting debts due the same, and did not sell or dispose of the personal estate, as by law required, within three years or at any time after his appointment, and did not within three years, or at any time, sell the real estate of the intestate, although the real and personal estate were insufficient to pay the debts allowed by the commissioners, amounting to $4,761.29, and the real estate was needed therefor, and that the administrator could have obtained a license to sell all of said estate.

The plaintiff further assigns as a breach of said bond that said Carr was guilty of unfaithful administration in this: That he never rendered his account as administrator until the 26th of October, 1889, and allowed said personal estate to deteriorate in value and become worthless, and said real estate to be occupied by himself and the heirs at law of the intestate, although the commissioners upon said estate had rendered their report of the claims allowed by them and the same had been received and allowed by said Probate Court on the 30th day of January, 1888; also that said administrator did not make, or cause to be made, a just and true account of his administration on or before the 26th day of January, 1886. The bond in suit was executed on January 26th, 1885, the day on which said Carr was appointed, as aforesaid.

The third count is substantially like the first, except that

it sets out that the said Mary A. Kenyon, by the consideration of our Supreme Court, recovered a judgment on her said claim, against said Willis A. Carr, administrator, on the 22nd day of September, 1886, for the sum of $958, damages, and costs of suit taxed at $10.55, and that execution issued thereon which was returned wholly unsatisfied, and that said judgment is still in force, although a demand was duly made upon said Carr, administrator, for the payment therefor, or of a dividend thereon, on the 19th day of July, 1892.    Said third count also alleges that the administrator and his wife occupied and enjoyed the real estate, the latter being the sole heir and distributee of said intestate estate. ·

The defendants have demurred to the above-named counts on the grounds:

1.    That they are bad for duplicity.

2.    That neither of said counts contains any averment that said Carr, administrator, was ever cited by said Probate Court to make, or cause to be made, on or before January 26, 1886, or at any other time, a just and true account of his administration as administrator *de bonis non.*

3.    Because the Probate Court has never ordered the real and personal estate of the intestate to be paid and distributed to and among the creditors who proved their claims before the commissioners.

4.    Because it is not the duty of said administrator to ask for or have any order of distribution made by the Probate Court, but such duty is imposed by law upon said court and it cannot, by neglect to perform its duty, lay the foundation of an action by which to recover from the defendant for such neglect.

We do not think the counts demurred to are bad for duplicity.    For while it is true that at common law, in a declaration on a bond, the plaintiff could not assign two breaches of the condition, because the bond was forfeited by one breach, which was sufficient to support the action; yet by different statutes the common law has been altered in regard to declarations on bonds and for penalties, so that it is now proper to assign as many distinct breaches of the bond as desired in

the same count.    See Stat. of 8 & 9 Wm. III, chap. 11, § 8; 1 Saund. 58, note 1; 1 Chit. Pl., ed. of 1812, 230, also Vol. 2, 16 Ed. 87–90.    The general rule relating to duplicity, therefore, as stated in *Laporte* v. *Cook*, 20 R. I. 261, relied on by counsel for defendant, is not applicable.

We think the second ground of demurrer is well taken in so far as the breach of the bond assigned in said counts is based upon the neglect of the administrator to render an account of his administration; because it is not alleged that he was ever cited to render an account.    Pub. Stat. R. I. cap. 190, §§ 1, 2, 3; *Court of Probate* v. *Eddy*, 8 R. I. 339; *Dunnell* v. *Municipal Court*, 9 R. I. 189; *Municipal Court* v. *Henry*, 11 R. I. 563; *Municipal Court* v. *McElroy*, 18 R. I. 749.    The plaintiff's contention, however, is that the said counts are not based upon a failure to account except as affecting the failure of the administrator to sell the real estate of the intestate and close the estate, but that they are based upon Pub. Stat. R. I. cap. 189, § 12, or cap. 191, § 5. The first mentioned section is as follows:    "If any executor or administrator shall not, within three years from the probate of the will or administration granted, raise money out of the testate or intestate estate by collecting debts due or by selling the personal estate or real estate, if need be, and he has power or can obtain license as aforesaid to sell the same, or shall neglect to pay over what he has in his hands to the several creditors of the testator or intestate, or shall by his neglect as aforesaid subject the real estate of the heir or devisee to be taken in execution, it shall be deemed unfaithful administration in such executor or administrator, and an action may be brought upon the bond of such executor or administrator by any such creditor, heir or devisee, who may have been damnified thereby."

The last mentioned section provides that "If the suit be brought by a creditor of the deceased person he shall, in order to maintain his action, first have his debt or damages ascertained by judgment, unless the estate be insolvent, and also prove that demand had been made of the executor or administrator therefor, and that the executor or administra-

tor had refused or neglected to satisfy the same or to show goods or estate of the deceased for that purpose."

We are of opinion that, in so far as said counts are based upon the foregoing provisions of the statute, they state a good cause of action and are not demurrable. It is the duty of an administrator to apply to the Probate Court, within a reasonable time after the reception and approval of the report of the commissioners, for an order of distribution; and where property is lost by his neglect so to do, he is chargeable with the loss. *Sanford* v. *Thorp*, 45 Conn. 241. Here the case shows that more than four and one-half years elapsed after the making of the report of the commissioners to the Probate Court and the acceptance thereof before the commencement of this suit, and that the administrator took no steps during all of that time to dispose of the personal estate of the intestate in his hands, or to obtain permission to sell the real estate, all of which was needed to pay even a dividend on the claims allowed. It also appears that he allowed said personal property to deteriorate in value and become worthless, while he himself occupied and enjoyed a part of the real estate. That such conduct constitutes unfaithful administration, and is a breach of the administrator's bond, is too plain for argument. See Pub. Stat. R. I. cap. 189, § 12.

The last two grounds of demurrer may properly be considered together, as they practically state but a single cause, namely, that it was the fault of the Probate Court that no order of distribution has ever been made, and that such neglect cannot be made the foundation of an action on the bond. We cannot assent to this proposition. Courts of Probate do not usually act in these matters until they are requested or moved to act; and we do not think the statute should be so construed as to require them to act until thus moved. It is true that Pub. Stat. R. I. cap. 186, § 11, cited by the defendant, provides that "Upon receiving the report of the commissioners, the court shall order them a meet recompense out of the estate for their care and trouble in examining the claims; and the debts due to the United States, and necessary funeral charges of the deceased, the charges for attend-

ance and medicines in the last sickness, debts due to this State and all State and town taxes being first paid in the order aforesaid and deducted by the court of probate, they shall order the residue and remainder of the estate, both real and personal, the real estate being sold according to law, to be paid and distributed to and among the creditors who shall have proved their claims as aforesaid, in proportion to the sums unto them respectively due and owing, saving unto the widow, if any there be, her apparel and that of her children and such bedding and other household goods and supplies on hand as are necessary for the upholding of life, and such other property as may have been allowed her by the court of probate, as provided in section four of the preceding chapter, and her right of dower in the real estate of the deceased." But it is clear that this statute presupposes or assumes that the various steps in the settlement of the estate therein mentioned are to be taken in pursuance of a request from the administrator, whose duty it is to attend to all the details connected with the settlement of the estate. Indeed, we fail to see how the Probate Court could act intelligently upon any of the matters mentioned in said last-quoted section, without the aid of the administrator, as he only is in position to know the particular condition of the estate. Can it be claimed for a moment that a Probate Court could be compelled by mandamus to proceed and make an order of distribution in a case of this sort, without having been first requested to do so by the administrator, and without having been informed as to the exact condition of the estate ? Clearly not. The court is not required to administer upon an estate, but only to act in a judicial capacity upon all such matters within its jurisdiction as are properly brought before it. The executor or administrator is the moving party and he is bound, at his peril, to seasonably move the court to take the necessary steps required in the settlement of the estate. And the defendant in this case having failed to discharge his plain duty in this regard, it comes with an ill grace from him to set up the flimsy excuse that the Probate Court did not of its own motion take action in the premises.

In *Rowland* v. *Isaacs*, 15 Conn. 122, cited by counsel for plaintiff, the court say: "It is said, no order was ever made by the court of probate for the distribution of this balance, or the payment of it to the heirs. But it does not appear that the administrator ever requested the court to make any such order. It is not usual for our courts of probate to make orders in relation to the settlement of an estate, unless requested by the proper person. It was the duty of the administrator, in this case, to apply to the court for all such orders as he found necessary to close the settlement of the estate. *Warren* v. *Powers*, 5 Conn. Rep. 383. And the defendant cannot avail himself, in his defence, of any neglect of duty on the part of the administrator."

In *Davenport* v. *Richards*, 16 Conn. 310, the same doctrine is stated thus: "It was the duty of the executors, unless excused therefrom, to make an exhibition of the amount so in their hands to the court of probate, and to apply to that court for an order to distribute it, or pay it over to those entitled to it, who, in this case, were the heirs, or for an authority to retain it in their hands for other proper purposes, which, it is conceded, has not been done. Such an exhibition was requisite, in order to lay the foundation for such further orders and proceedings in that court as were necessary for the purpose of completing the settlement of the estate. Otherwise, such settlement might never be made, or might be procrastinated indefinitely by the executors, and neither the judge of probate, nor any person interested, have any knowledge of the situation of the estate, or indeed the means of bringing the settlement of it to a close. The correct and speedy settlement of estates requires that it should be done in a regular and orderly course, which can only be accomplished when a foundation is properly laid for each successive order of the court of probate, by the steps which should precede it; and the proceedings of that court cannot be regular, orderly or intelligible, without full information from time to time of the situation of the estate."

As to the charge that the administrator and his wife occupied the real estate of the intestate, the defendants argue

that the heirs are entitled to the same and the income thereof until it shall have been sold for payment of debts; and hence that no cause of action has accrued to the plaintiff by reason of said Carr's occupancy thereof, but only a right of action in favor of the heirs against him for such occupancy. It is true that the heirs are entitled to take the rents and profits of the real estate until it shall have been sold to pay debts. *Draper* v. *Barnes*, 12 R. I, 156; *Lyon* v. *Brown University*, 20 R. I. 53. But it will hardly be claimed that because this is so an administrator is excused from proceeding within a reasonable time to sell the real estate, where such sale is rendered necessary for the payment of debts. Here it appears that the administrator himself, whose wife happens to be the sole heir-at-law of the intestate, is in the occupancy and enjoyment of the real estate, which long ago should have been sold by him and the proceeds applied to the payment of the debts of the estate. If he can occupy until the heir-at-law, his wife, sues him out, when may the creditors look for a dividend? We think the second excuse for his plain neglect of duty in the premises is, if possible, weaker than the first, and entitled to no consideration whatever. It shows that he himself is practically living out the estate, while the creditors are left to the husks of a wearisome litigation.

As each of the counts in question sets out a good cause of action independently of the charge that the defendant administrator has failed to render his account as aforesaid, the demurrer must be overruled.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Albert B. Crafts*, for plaintiff.

*George T. Brown*, for defendants.