## Thomas Haskins v. John Martin, Adm'r.

1. ADMINISTRATION OF ESTATES—*Administrator Charged with Interest.*—Sec. 114 of the administration act requires that the administrator shall be charged with interest at the rate of ten per cent per annum on the balance in his hands as such administrator from the period of two years and six months after the issuance to him of the letters of administration, unless good cause is shown why he should not be charged.

2. SAME—*Burden upon Administrator to Show Excuse for Not Distributing Estate.*—The burden of showing an excuse for not making a distribution within the legal time is cast upon the administrator.

3. SAME—*Duty of Administrator to Distribute.*—After the time for presenting claims has expired and the administrator has filed a report showing a cash balance in his hands belonging to the heirs of decedent, he should apply for an order of distribution. It is part of his duty to do so.

Appeal from an Order of the Probate Court.—Appeal from the Circuit Court of La Salle County; the Hon CHARLES BLANCHARD, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded with directions. Opinion filed July 18, 1902.

EDWARD J. KELLY, attorney for appellants.

DUNCAN & DOYLE, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Margaret Haskins died in the city of La Salle, intestate, May 8, 1893, leaving her surviving, Thomas Haskins, her husband, and Olga Emma Haskins, a minor, her only child and heir at law. John Martin, appellee, was appointed administrator of her estate on his petition as a creditor, January 8, 1894, and thereupon qualified and entered upon the duties of his trust. Thomas Haskins was appointed guardian of the estate of the minor, Olga Emma Haskins, July 8, 1899.

The litigated question is, whether the administrator shall be charged with interest at the rate of ten per cent per annum on the balance in his hands as such administrator from the period of two years and six months after the issuance to him of the letters of administration.

Sec. 114 of the administration act requires that he should be so charged unless good cause is shown why he should not be charged. The administrator did not file an inventory until more than two years after his appointment. At the end of two years he filed an account, and more than a year later a second account.

July 8, 1899, Thomas Haskins began this proceeding by a petition in the Probate Court in his own right as husband of decedent and as guardian of the minor heir, to require the administrator to make distribution, and prayed that the administrator might be required to pay interest according to the statute. It appears that when the administrator filed his first report he had in cash all the assets of the estate of the deceased, namely, a balance of $829.96, except that he held in addition thereto an uncollected note. On a hearing of this case, the Probate Court found that said note had always been collectible and that the administrator had failed to perform his duty in not sooner collecting it, and ordered that he be charged with the note and interest thereon, and that he become the owner of the note. The Probate Court, however, denied the application to charge the administrator ten per cent interest. On appeal to the Circuit Court that order was confirmed. In the meantime the administrator had distributed the estate. The husband and guardian prosecutes this further appeal.

The question is whether the administrator has shown good cause why he should not be charged with ten per cent interest. The proof shows that he deposited this money to the credit of his firm the same as other money belonging to the firm, and it thereafter remained in the firm business. The firm was always ready to let him take it out whenever he wished to use it.

Two defenses are interposed: First, that a demand to make a settlement was necessary; second, that Olga Emma Haskins was an infant and had no guardian to whom the money could be paid until the date these proceedings were instituted. Neither of these defenses constitute a legal excuse for the failure of the administrator to make a distribution of the estate in the time prescribed by the statute.

The burden of showing an excuse for not making the distribution within the legal time is cast upon the administrator. It is manifest there was no legal impediment to prevent the administrator from having paid Thomas Haskins his distributive share, he being an adult. In Estate of Schofield, 99 Ill. 513, which was a proceeding against an administrator to account for interest on moneys received by him during the time the estate remained unsettled as well as to pay the penalty for a failure to settle the estate in due time, the court said :

" The Circuit Court charged the administrator with interest, at ten per cent, on all moneys that he retained in his hands after the expiration of two years and six months from the date of his letters, and in our judgment this was correct. At the time the second account was rendered, no debts remained unpaid, and no reason appears why the administrator did not procure an order of distribution, under which he could pay out the money then in his hands. After making the second report, no reason existed for retaining the assets of the estate in his hands, and as he did so in disregard of his plain duty, we think the court did right in charging him with interest, as required by the statute."

After the time for presenting claims had expired and the administrator filed a report showing a cash balance in his hands belonging to the heirs of decedent he should have applied for an order of distribution. It was a part of his duty to do so.

We are of the opinion that the second defense, namely, that no guardian had been appointed for the minor heir to whom payment could be made upon order of distribution, is equally untenable. He should have applied for and obtained an order for distribution. If he had done so and paid the adult, the matter would then have been brought to the attention of the court and a guardian would then undoubtedly have been appointed. In view of the great volume of business thrust upon our probate courts and the large number of estates requiring their attention it is not expected that the times for making final settlements or the necessity for the appointment of guardians incident thereto

should be kept constantly in mind by the presiding judge. The practice in that respect and the law applicable thereto is well stated in Rowland v. Isaacs, 15 Conn. 122, which was a suit upon an administrator's bond for failure to perform his duties. The court said:

"It is said no order was ever made by the court of probate for the distribution of this balance, or the payment of it to the heirs. But it does not appear that the administrator ever requested the court to make any such order. It is not usual for our courts of probate to make orders in relation to the settlement of an estate, unless requested by the proper person. It was the duty of the administrator, in this case, to apply to the court for all such orders as he found necessary to close the settlement of the estate. Warren v. Powers, 5 Conn. Rep. 383. And the defendant can not avail himself, in his defense, of any neglect of duty on the part of the administrator.

It is further said, that during a part of the time, since the property of the deceased came into the possession of the administrator, the heirs were minors, and had no guardian; and that no demand was ever made upon him for the balance belonging to them.

The question is not whether the omission to pay the heirs, under such circumstances, would constitute a breach of the condition of the bond, but whether, after there has been such a breach, and the plaintiff's right to recover damages established, those circumstances would justify the defendant in still retaining that balance. We can see no reason why they should have that effect."

The order of the court below is therefore reversed, so far as relates to charging the administrator with interest, and the cause remanded, and the court is directed to charge him with interest at the rate of ten per cent per annum on $829.96 from July 8, 1896, until distribution was made. Reversed and remanded with directions.