RICHARD H. REED ET AL. *vs.* CARRIE S. REED.

First Judicial District, Hartford, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

An executor who is also life tenant of the entire estate, consisting of personal property, with a right to draw upon the principal as he finds it necessary for his comfortable support, is nevertheless bound to file his final account and ask for an order of distribution without unreasonable delay. If he neglects to do this, and meanwhile entrusts an unfit person with the legal title to the whole property, in order to change an excellent investment made by the testator into one which is improper for a trustee to make, and otherwise imperils the interests of the remaindermen, he may well be enjoined from disposing of any portion of the principal until he shall have given a bond for their protection, and, failing to give that, may be required to turn over all the property to a trustee to be appointed for that purpose.

It is no objection to such a judgment that it suspends for a brief period the exercise of the privilege by the life tenant of appropriating the principal to his own support, since the duration of such suspension is due to his own misconduct and will cease as soon as he gives the bond or notifies the court that he does not intend to furnish one.

Argued January 15th—decided March 3d, 1908.

ACTION for an injunction, an accounting, an order for a bond, and for damages; brought to and tried by the Superior Court in Hartford County, *Curtis, J.;* injunction granted. *No error.*

This action was tried in the Superior Court at the same time and in connection with the preceding case.

The complaint set forth a copy of the will of George W. M. Reed, and alleged, among other things, that the defendant had received income from the estate sufficient for her comfortable support and maintenance; that she had expended, in addition to said income, $30,000 derived from the principal, and expended it for other purposes than her support and maintenance; that she had, shortly before, conveyed away the Tariffville house, and all the remaining shares in the Pratt & Whitney Company; that she intended to convert the rest of the principal into cash,

and remove the proceeds from this State, and continue to squander and waste the same; and that she had no other property than her interest under the will.

The answer denied these allegations; but they were found true. The court also specially found the same facts in both cases. In addition to those mentioned in the statement of the preceding case, this finding set forth that the defendant had, ever since she rendered her first administration account in September, 1903, "assumed the attitude of a life tenant in possession with authority to use the principal of the estate practically at her discretion and for her own purposes"; that, after she was informed by an uncle that Ranney was a man of bad character, she made no investigation into his antecedents, but continued to treat him as a confidential friend and adviser; that during the time the Pratt & Whitney stock stood in his name and was under his power, the existence of the trust fund was endangered; that Ranney offered the Tariffville house for sale, while it stood in his name, for much less than she had paid for it; that a transfer of the stock to a purchaser whom Ranney found was only prevented by an injunction issued in New Jersey, at the suit of the plaintiffs; that all inroads made by her upon the principal since she filed her administration account in 1903, had been unnecessary for her liberal support, and unreasonably wasteful; and that, though all the debts of the estate had been long since paid, she had failed to settle it and proceed to a distribution according to law.

The judgment was that the defendant be enjoined from any transfer of any part of the estate except to herself as life tenant, on filing a probate bond satisfactory to the Court of Probate, or to such trustee or other persons as said court might order, in conformity to the provisions of the judgment rendered on the same day on the appeal from probate.

*William H. Ely* and *William F. Alcorn*, for the appellant (defendant).

*Charles E. Perkins* and *Ralph O. Wells*, for the appellees (plaintiffs).

BALDWIN, C. J.   The administration account rendered by the defendant in September, 1903, showed that she then had in her hands a considerable residuary estate. It is found that, at that time, debts to the amount of $290 only remained unpaid.   It was her duty, as executrix, as soon as she reasonably could, to proceed to a final accounting, and then apply for an order of distribution.   *Sanford* v. *Thorp*, 45 Conn. 241.   This she did not do.   The fact that she had, under her husband's will, the life use of the entire fund is no excuse for the delay.   It should have been distributed by her as executrix to herself individually, as life tenant.

She has committed another breach of duty, as executrix, in putting the estate at hazard by entrusting an unfit person, as her agent and assignee, with the title to the whole of it, and in doing this for the purpose of converting a good investment, which she had the right to retain (General Statutes, § 255), into one unsuitable for a trustee to make.   This attempt to do what was to the manifest disadvantage of the remaindermen was thwarted by their vigilance; but the finding shows that she still contemplates similar action, and intends to put the fund into such a shape that she can remove it from the State to squander and waste elsewhere.

Under these circumstances, the Superior Court was right in deeming her an unfit person to retain the power of making further sales or transfers of the principal, under present conditions, without first giving adequate security to the other parties in interest; and in providing that, should she not furnish such security, and a trustee be appointed by the Court of Probate, she should transfer all to him. General Statutes, § 311; *Langworthy* v. *Chadwick,* 13 Conn. 42.   The bond referred to in the will was one to secure her fidelity as executrix.   That ordered is one to secure the remainder after a life estate from waste by the life tenant.

It is true that any exercise of her privilege of drawing from the principal is suspended by the judgment; but this is the result of her own misconduct, and the suspension will last no longer than she pleases, whether she furnishes a bond or notifies the Court of Probate that she does not intend to furnish one.

There is no error.

In this opinion the other judges concurred.